BAUCOM'S NURSERY COMPANY, A CORPORATION v. MECKLENBURG COUNTY, NORTH CAROLINA: EDWIN B. PEACOCK, JR., CHAIRMAN AND MEMBER OF THE BOARD OF COUNTY COMMISSIONERS OF MECKLENBURG COUNTY, NORTH CAROLINA; AND WILLIAM H. BOOE, ELISABETH G. HAIR, W. THOMAS RAY AND ANN D. THOMAS, MEMBERS OF THE BOARD OF COUNTY COMMISSIONERS OF MECKLENBURG COUNTY, NORTH CAROLINA

No. 8226SC614

(Filed 7 June 1983)

1. **Declaratory Judgment Act § 4.1— rights affected by zoning ordinance—declaratory judgment proper**

    Plaintiff, owner of a 19.6-acre tract of land for farm and agricultural purposes, properly used the Declaratory Judgment Act to determine if his rights were affected by a zoning ordinance. G.S. 1-264.

2. **Agriculture § 8— agricultural use of plaintiff's land—within public policy of statutes**

    Plaintiff established that its acts and conduct on a 19.6-acre tract of land were within the State's declared public policy of encouraging farming, farmers and farmlands. G.S. 106-550, G.S. 139-2(a)(1), G.S. 106-700, and G.S. 106-583.

**3. Municipal Corporations § 80.8— zoning ordinance—land excluded as "farm"**

The evidence of the size and use of plaintiff's 19.6-acre tract of land fitted within the definition of "farm" contained in a city ordinance.

APPEAL by defendants from *Lewis, Judge.* Judgment entered 22 January 1982 in Superior Court, MECKLENBURG County. Heard in the Court of Appeals 21 April 1983.

This action is brought under the provisions of the North Carolina Declaratory Judgment Act, G.S. 1-253, *et seq.* and involves a controversy between plaintiff and defendants concerning the legal rights of the plaintiff to the use of its 19.6-acre tract of land, contiguous to its 83-acre tract, in Mecklenburg County.

Plaintiff contends that it has the right under the enabling statute, by which the Zoning Ordinance of Mecklenburg County was adopted, and by Section 2-21 of the Zoning Ordinance, to cultivate its 19.6-acre tract of land for farm and agricultural purposes without interference from the defendants or without any attempt by the defendants to subject said tract to other provisions of the Zoning Ordinance because the 19.6-acre tract is a bona fide farm under the law and is exempt from regulation. The defendants contend the tract is not a bona fide farm, that it is not exempt from regulation under the enabling statute by which the Zoning Ordinance was adopted, that other sections of the Ordinance in addition to Section 2-21 must be considered, and that plaintiff is subject to the defendants' Zoning Ordinance.

Judge Robert D. Lewis heard the case upon the parties' waiver of trial by jury. Both sides presented evidence. The judge made extensive findings of fact and concluded, in part, that the 19.6-acre tract is a bona fide farm within the definition of Section 2-21 of the Zoning Ordinance and that it is exempt from the provisions of the Zoning Ordinance of Mecklenburg County. Defendants appeal.

*Boyle, Alexander, Hord and Smith by B. Irvin Boyle for plaintiff appellee.*

*James O. Cobb for defendant appellants.*

BRASWELL, Judge.

[1] The applicable standard for appellate review of a judgment rendered under the Declaratory Judgment Act was enunciated by

this Court in *Insurance Co. v. Allison,* 51 N.C. App. 654, 657, 277 S.E. 2d 473, 475, *disc. rev. denied,* 303 N.C. 315, 281 S.E. 2d 652 (1981), to be as follows:

> "[T]he [trial] court's findings of fact are conclusive if supported by any competent evidence; and a judgment supported by such findings will be affirmed, even though there is evidence which might sustain findings to the contrary, and even though incompetent evidence may have been admitted. [Citations omitted.] The function of our review is, then, to determine whether the record contains competent evidence to support the findings; and whether the findings support the conclusions."

It is fundamental under the Declaratory Judgment Act that a party who considers his rights to be affected by a zoning ordinance, in a situation where there can be no doubt that litigation involving him is imminent, does not have to wait to be sued, but that he may go to court, obtain a declaration of his rights under the ordinance and seek "relief from uncertainty and insecurity with respect to rights, status, and other legal relations." G.S. 1-264. *Blades v. City of Raleigh,* 280 N.C. 531, 187 S.E. 2d 35 (1972); *Bland v. City of Wilmington,* 278 N.C. 657, 180 S.E. 2d 813 (1971). *See Insurance Co. v. Bank,* 11 N.C. App. 444, 181 S.E. 2d 799 (1971). Several factors created a genuine controversy and uncertainty as to the status of the tract of land and now require resolution by the courts: the existence of the Mecklenburg County Zoning Ordinance during the time in question; the issue of whether the plaintiff's 19.6-acre tract of land was a bona fide farm and therefore exempt from the Zoning Ordinance or whether the tract was used as a plant nursery and greenhouses and not for farm purposes; and the history of dealings between the parties as shown in the record.

[2] It is the public policy of North Carolina to encourage farming, farmers, and farmlands. The General Assembly has stated this policy in various ways:

> "It is declared to be in the interest of the public welfare that the North Carolina farmers who are producers of . . . field crops and other agricultural products, including . . . vegetables . . . as well as bulbs and flowers and other agricultural products . . . shall be permitted and encouraged to

act . . . in promoting and stimulating, . . . the increased pro-
duction, use and sale, domestic and foreign, of any and all of
such agricultural commodities." G.S. 106-550.

"The farm, . . . lands of the State of North Carolina are
among the basic assets of the State and the preservation of
these lands is necessary to protect and promote the health,
safety, and general welfare of its people . . . ." G.S. 139-2(a)(1).

"It is the declared policy of the State to conserve and
protect and encourage the development and improvement of
its agricultural land for the production of food and other
agricultural products." G.S. 106-700.

"It is declared to be the policy of the State of North Carolina
to promote the efficient production and utilization of the
products of the soil as essential to the health and welfare of
our people . . . ." G.S. 106-583.

Section 106-583 also sanctions the "[d]evelopment of new and im-
proved methods of production, marketing, distribution, processing
and utilization of plant . . . commodities at all stages from the
original producer through to the ultimate consumer . . . [and]
methods of conservation, development, and use of land . . . ."

By the evidence presented, plaintiff has established that its
acts and conduct on the 19.6-acre tract are within the State's
declared public policy. The evidence shows that the plaintiff has
utilized the most modern and efficient equipment and methods in
growing, cultivating and harvesting agricultural products of all
kinds,[1] including vegetables and vegetable plants, and in growing
and cultivating shrubbery which is used for the prevention of soil
erosion, for noise control, and for wind and sun screen. However,
about 14 May 1979, defendants' zoning inspector informed the
plaintiff that its 19.6-acre tract was zoned for R-12 for single fami-
ly residences and that plaintiff's raising agricultural products
thereon in conjunction with its contiguous 83-acre tract was in

1. Brussell sprouts, broccoli, cabbage, cauliflower, cucumbers, eggplant,
greens, lettuce, onions, peppers, potatoes, squash, tomatoes, cantaloupe,
watermelons; petunias, snapdragons, verbena, begonias, pansies, vinca; ageratum,
alyssum, celosia, coleus, dusty miller, impatiens, marigolds, portulaca, salvia;
photinia, ligustrum, burfordi juniper; azaleas, and other types of plants and shrub-
bery.

violation of the Zoning Ordinance. Plaintiff's subsequent request to be rezoned to RU-Rural District was denied. This declaratory judgment action followed on 1 February 1980.

The basic evidence and findings of fact are not substantially in dispute. Plaintiff purchased the 19.6-acre tract in 1976, and during the three years prior to institution of this action in 1980, plaintiff prepared, developed and used the land for agricultural purposes in conjunction with its adjacent 83-acre tract. It is the application of the law to the facts that divide the parties. We now take a closer look at the zoning law.

[3]   The grant of the power of zoning was given to the counties by the General Assembly in 1959 by former G.S. 153-266.10, now redesignated G.S. 153A-340. This enabling act allows a county to regulate and restrict, among other things, "(5) The . . . use of . . . land for trade, industry, residence, or other purposes, *except farming.* These regulations may not affect *bona fide farms,* but any use of farm property for nonfarm purposes is subject to the regulations." (Emphasis added.) In 1967 the enabling act was amended through an act applying only to Mecklenburg County to add this sentence: "The board of county commissioners, as part of any ordinance adopted pursuant to this Article, may define 'bona fide farm' and 'farm purposes' in such reasonable manner as it may deem wise." 1967 N.C. Sess. Laws ch. 611.

Pursuant to the enabling act, Mecklenburg County adopted a Zoning Ordinance on 20 November 1967, which, as amended from time to time, remains in full force and effect. Section 2-21 of the Zoning Ordinance defines bona fide farm in these words:

> "*Farm, Bona Fide.* Any tract of land containing at least three (3) acres which is used for dairying or for the raising of agricultural products, forest products, livestock or poultry and including facilities for the sale of such products from the premises where produced provided that, a farm shall not be construed to include commerical poultry and swine production, cattle feeder lots and fur-bearing animal farms."

Although the evidence may not show that plaintiff's operations fit the traditional and historic concept of a "farm," the evidence does show that to equip itself for the raising of agricultural products plaintiff has worked with N.C. State Uni-

versity Division of Agriculture, Clemson University, N.C. Department of Agriculture, and others. By experimentation and utilization of various methods of improving the raising of agricultural products, such as cost analysis, fertilizer control, pesticides, seeds, insecticides, plant analysis to fertilizer, nutrients, and soil mixture, plaintiff has developed a successful operation. Plaintiff grows many plants in pots on top of plastic ground cover, instead of planting seeds in the ground. Plaintiff utilizes a lake, greenhouses, cold frames, hanging baskets, pottings sheds, planting beds, and other methods of cultivation advocated by the N.C. State Department of Agriculture. Plaintiff's improved methods of cultivation enable it "to produce on one acre what we used to produce on 50 acres," without the use of the traditional farm mule or row plow. Section 2-21 of the Zoning Ordinance does not say "how" the products must be raised on the land but that its use be "for the raising of agricultural products." Likewise, this section does not say that it is subject to any other provision of the Zoning Ordinance. The record before us contains abundant competent evidence to support the trial judge's findings of fact concerning the "raising of agricultural products." Thus, it follows that a 19.6-acre tract of land [more than 3 acres] which is used for the raising of agricultural products [i.e., vegetables, plants, shrubbery for soil erosion control] and including the facilities for the sale of such products from the premises where produced constitutes a bona fide farm.

Even so, defendants argue that the provisions of Section 2-21 "should not annul the efficacy of more specific provisions of the ordinance." Defendants contend that seven other sections were more specific; that all the other sections were ignored and disregarded by the trial judge; that these seven sections prohibit plaintiff's present use of the 19.6-acre tract; and that for this error of law in failing to apply these sections, the case should be reversed and remanded with direction to the plaintiff "to remove its greenhouse and plant nursery beds from this area, and to refrain from any future use of the 19.6 acre tract in connection with the activities presently conducted upon the adjoining 84 acres." We disagree and will examine the seven sections.

The jurisdiction section, 1-3 of the Ordinance, applies to all use of land in unincorporated areas, then adds: "[H]owever, these regulations shall not be applicable to bona fide farms, except that

such regulations shall be applicable in cases where non-farm uses are made of farm properties." We agree with defendants that this language is consistent with the enabling act of the General Assembly, that no effort was made to regulate bona fide farms, and that the regulations are applicable to non-farm use. We also agree with defendants' example that "a used car lot upon an area of a farm" would be a non-farm use made of farm properties. However, the evidence shows a farm use by plaintiff "for the raising of agricultural products." This section does not aid the defendants.

Another specific section is 3-1, Rural District, which provides: "The major uses permitted within this district are farms and residences plus commercial activities and enterprises related to agriculture, such as dairies, plant nurseries, and rural home occupation." Solely because this section mentions "plant nurseries" and because plaintiff once applied to have the 19.6-acre tract rezoned to Rural District are not of themselves controlling in a declaratory judgment action. The evidence before the Superior Court supported the judge's finding that as of the time of trial the plaintiff was making use of the property "for the raising of agricultural products." When agricultural products are grown, in part, in "plant nurseries" upon a tract of land containing not less than three acres, and within the ordinance definition of bona fide farm, the fact that "plant nurseries" may also be utilized in a Rural District does not require the bona fide farm to be zoned Rural District. It is exempt by the enabling act in conjunction with Section 2-21 of the Ordinance.

Defendants cite Section 4-1 for our consideration. This section is captioned "Zoning Affects Every Building and Use." Its last sentence reads: "The regulations contained herein shall not be applicable to bona fide farms." Thus, the Ordinance clearly expresses an intention not to regulate bona fide farms.

Defendants cite Section 6-2.1 as being a direct, explicit prohibition of the plaintiff's activities. This section is a table of permitted uses and is defendants' Exhibit No. 9. On page two of the exhibit is the following use: "Farm-type enterprises when not considered as being part of bona fide farms, such as . . . plant nurseries, green houses . . . vegetable packing sheds, the sale of . . . vegetables and similar farm products, . . . and similar uses

. . . ." Defendants argue that this table of uses permits the listed activities to be done only in Rural Districts, Light Industrial and General Industrial Districts. On the contrary, we hold that the explicit language of this table exempts plant nurseries, greenhouses, and vegetable packing sheds when they are considered as being a part of a bona fide farm. The evidence supports the trial judge's conclusion that the 19.6-acre tract of land is a bona fide farm and thus the complained of farm-type enterprises of the plaintiff must be considered as being a part of a bona fide farm.

Through Exhibit No. 10, defendants refer to an examination of Section 6-2.3 of the Ordinance. This exhibit is another table of uses, and it shows that "Greenhouses and nurseries involving retail and wholesale sales" are excluded from all residential districts. We agree with this interpretation, but must repeat that the evidence presented in the trial court shows that the 19.6-acre tract is a bona fide farm. When the whole of the Zoning Ordinance is read collectively, including the tables of uses contained in Exhibits Nos. 9 and 10, it shows that farm-type enterprises of greenhouses and plant nurseries, when used as a part of a bona fide farm, are exempt from the Zoning Ordinance.

Another section of the Ordinance with a negative proviso is Section 7-21.1. This section states: "When not considered as being part of bona fide farms, farm-type enterprises, such as . . . plant nurseries, green houses, fruit or vegetable packing sheds, the sale of fruit, vegetables and similar farm products . . . and similar uses are permitted within the Rural District subject to the following provisions, and other pertinent provisions of this ordinance." Although this section does define "farm-type enterprises," we cannot overlook that it also contains the disclaimer of "When not considered as being part of bona fide farms." We hold that plant nurseries and greenhouses when used in conjunction with bona fide farms are excluded from this section of the Zoning Ordinance.

The final section of the Ordinance cited by defendants is Section 4-23. This section is a statement of the proposition that if a particular land use is not affirmatively permitted within a zoning district, such use is prohibited. Even though we agree with defendants' statement that "The Mecklenburg County Zoning Ordinance is complicated," this specific section does not aid defendants because the plaintiff's evidence brought it within the

meaning of the enabling act and the exemption of Section 2-21 by being a bona fide farm. Our Supreme Court has held: "A zoning ordinance, however, is in derogation of the right of private property and provisions therein granting exemptions or permissions are to be liberally construed in favor of freedom of use." *In Re Application of Construction Co.*, 272 N.C. 715, 718, 158 S.E. 2d 887, 890 (1967).

Although the word "farm" appears in more than one section of the County's complex Ordinance, Section 2-21 does unconditionally define bona fide farm in a reasonable manner. Even when the seven other sections cited by the defendants are integrated into our consideration, the Ordinance definition of bona fide farm, as applied to this case, means (1) 3 or more acres of land, (2) used for the raising of agricultural products. This definition and the enabling act are clear and unambiguous. The evidence of the size and the use of the 19.6-acre tract fits the definition contained in the Ordinance.

We hold that the record before us does contain competent evidence to support the findings of fact of the trial judge and that the findings support the conclusions of law in the judgment.

For the foregoing reasons the judgment exempting plaintiff's 19.6-acre tract from the Zoning Ordinance is

Affirmed.

Judges WEBB and WHICHARD concur.