CHARLES B. SEDMAN AND WIFE, ELLEN S. SEDMAN, PLAINTIFF APPELLANTS V. JACOB RIJDES AND WIFE, WILHELMINA RIJDES, AND MULTIFLORA GREENHOUSES, INC., DEFENDANT APPELLEES

No. COA96-1444

(Filed 18 November 1997)

**Zoning § 1 (NCI4th)— greenhouses—exemption from zoning— bona fide farm operation**

The trial court correctly granted partial summary judgment for defendants on the zoning issue in an action in which plaintiffs alleged that defendants' commercial use of their property to grow plants in greenhouses was a nuisance and in violation of the Orange County Zoning Ordinance. It is the stated policy of North Carolina to promote the use and sale of agricultural products and the General Assembly included an exception for bona fide farm purposes in the grant of zoning authority to counties. The production of ornamental and flowering plants was explicitly listed as an example of bon fide farm purposes in the amended N.C.G.S. § 153A-340 and, under *Baucom's Nursery Co. v. Mecklenburg Co.*, 62 N.C. App. 396, the growing and harvesting of agricultural products by a greenhouse did not preclude qualification for the exemption. The activities here, including the construction of a driveway, the use of the driveway by large trucks, the operation of fans and heating devices, and the selling of plants on the premises, fall within the bona fide farm purposes exemption.

Judge WALKER concurring.

Appeal by plaintiffs from order entered 4 June 1996, judgment entered 12 June 1996, and order entered 24 July 1996 by Judge F. Gordon Battle in Orange County Superior Court. Heard in the Court of Appeals 25 August 1997.

*Michael B. Brough & Associates by Michael B. Brough for plaintiff appellants.*

*Coleman, Gledhill & Hargrave, P.A. by Douglas Hargrave for defendant appellees.*

McGEE, Judge.

Plaintiffs Charles B. and Ellen S. Sedman appeal the entry of partial summary judgment on the issue of whether the activities of

Multiflora Greenhouses, Inc. (Multiflora), owned and operated by Jacob and Wilhelmina Rijdes, are in violation of the Orange County Zoning Ordinance (ordinance).

Multiflora is located on a forty-one acre tract of land that is zoned agricultural-residential and is adjacent to the Sedmans' residential property. At the summary judgment hearing, the parties presented evidence tending to show that the plants and vegetables produced by Multiflora are grown in pots filled with imported soil and housed in four greenhouses, each covering almost an acre of the Rijdes' tract. The greenhouses have concrete floors, exhaust fans and internal climate control devices to regulate the buildings' temperatures. There is a large metal building, a loading dock and a paved driveway to facilitate transportation of the flowers, vegetables and other plants. Examples of the products produced by Multiflora include marigolds, petunias, begonias, tomatoes and peppers. Some products are also sold on the premises.

There is a history of conflict between the Sedmans and the Rijdeses regarding the Rijdeses' use of the Multiflora tract. The Rijdeses began construction on the greenhouse in the fall of 1983. Ten months later the Sedmans filed a petition with the Orange County Board of Adjustment (Board) appealing the County's issuance of a building permit to the Rijdeses. The Board determined that Multiflora was not in violation of the ordinance. This determination was not appealed by the Sedmans. In 1988 a complaint was made to the Board which alleged that the location of a gas tank on the property of Multiflora constituted a zoning violation. In a 3 March 1988 letter to Mr. Rijdes, the Orange County Planning Department wrote that the "alleged zoning violation concerning the propane gas tank . . . was presented at Development Review meetings" and "a determination was made that Multiflora Greenhouses in its current operation qualifies as a bona fide farm use and is therefore exempt from the County's zoning regulations." In 1994 the Rijdeses purchased an 11.6 acre tract of land located adjacent to the Sedmans' property. Mr. Sedman approached Mr. Rijdes to inquire as to his plans for developing this tract. Mr. Rijdes responded that he planned to expand the greenhouse operation by building on the land.

On 14 November 1994, the Sedmans filed a complaint in Superior Court alleging: (1) that the use of the Multiflora tract "constitutes a nuisance, and the proposed expansion of the commercial operation . . . will aggravate this nuisance," and (2) "[t]he commercial

enterprise now being conducted on [the Rijdeses' property] is, and the proposed expansion of this business will be, in violation" of the ordinance. The Sedmans prayed for relief in the form of damages from the Rijdeses, and "an injunction requiring defendants to eliminate and remove from their property all structures, uses, and operations found to constitute a nuisance." The Sedmans did not seek a determination from the Orange County Board of Adjustment as to whether Multiflora's present activities were exempt from the ordinance, nor did they join the County as a party to this action.

Prior to trial, the trial court granted partial summary judgment "on the issue of the alleged violation of the Orange County Zoning Ordinance" in an order announced in open court on 4 June 1996. At trial, the court submitted to the jury the issue of whether Multiflora's operation constituted a private nuisance. The jury found that no private nuisance was created. Subsequently the Sedmans made a motion for a new trial which was denied 24 July 1996.

The Sedmans timely filed notice of appeal from: (1) the trial court's order entered in open court on 4 June 1996 granting partial summary judgment to the Rijdeses "on the issue of whether the Multiflora Greenhouse operation is a bona-fide farm under [N.C.G.S. § 153A-340]", (2) the judgment entered 12 June 1996 upon the jury verdict that defendants' greenhouse operation did not constitute a nuisance, and (3) the trial court's order entered 24 July 1996 denying plaintiffs' motion for a new trial under Rule 59. All of the assignments of error made by the Sedmans relate to the trial court's partial grant of summary judgment, as do all the arguments in their brief. Thus, their appeals from the judgment entered 12 June 1996 and the order entered 24 July 1996 are deemed abandoned. N.C.R. App. P. 28(a).

We do not address the Sedmans' argument that a violation of the ordinance would constitute a nuisance per se as it is not necessary to address this issue to dispose of this case in that we hold that the activities allegedly in violation of the ordinance are exempt from compliance with the ordinance.

The Sedmans first argue that the entry of partial summary judgment was improper because the trial court erred in determining that Multiflora did not violate the ordinance. We disagree. The starting point of our analysis requires the interpretation of N.C. Gen. Stat. § 153A-340 (1991) to determine whether Multiflora and its operations are subject to the Orange County Zoning Ordinance.

It is the stated public policy of North Carolina to promote the use and sale of agricultural products. N.C. Gen. Stat. § 106-550 (1995). In order to attain the objective of promoting "the efficient production and utilization of the products of the soil as essential to the health and welfare of our people," the General Assembly encourages the

> "[d]evelopment of new and improved methods of production, marketing, distribution, processing and utilization of plant . . . commodities at all stages from the original producer through to the ultimate consumer . . . methods of conservation, development, and use of land . . . guidance in the design, development, and more efficient and satisfactory use of farm buildings . . . farm machinery . . . and . . . making fuller use of the natural, human and community resources in the various counties of this State to the end that the income and level of living of rural people be increased.

N.C. Gen. Stat. § 106-583 (1995).

Therefore, when the General Assembly granted authority to the counties to regulate and restrict the use of land by means of zoning ordinances in N.C. Gen. Stat. § 153A-340, including the power to regulate and restrict the "use of buildings, structures, and land for trade, industry, residence, or other purposes," it carved out one important exception to the counties' jurisdiction: the authority to regulate land being used for "[b]ona fide farm purposes." Specifically, county zoning "regulations may not affect bona fide farms, but any use of farm property for nonfarm purposes is subject to the regulations." N.C. Gen. Stat. § 153A-340. Although the statute does not define "bona fide farm," it does define "[b]ona fide farm purposes" to "include the production and activities relating or incidental to the production of crops, fruits, vegetables, ornamental and flowering plants, dairy, livestock, poultry, and all other forms of agricultural products having a domestic or foreign market." Id.

In Baucom's Nursery Co. v. Mecklenburg Co., 62 N.C. App. 396, 399, 303 S.E.2d 236, 238 (1983), our Court stated that the use of "modern and efficient equipment and methods in growing, cultivating and harvesting agricultural products" by a greenhouse did not preclude the greenhouse from qualifying for the exemption from county zoning regulations under the pre-amended N.C. Gen. Stat. § 153A-340. Our Court, in Baucom's, was required to interpret a Mecklenburg County ordinance's definition of "bona fide farm" in that Mecklenburg County had been granted special authority, applicable only to that

county, to define "bona fide farm" in its ordinance. *See* 1967 N.C. Sess. Laws ch. 611 ("The board of county commissioners, as part of any ordinance adopted pursuant to this Article, may define 'bona fide farm' and 'farm purposes' in such reasonable manner as it may deem wise"). However, the state policy of encouraging the agricultural production enunciated in *Baucom's* is relevant to the outcome in this case which requires interpretation of the amended N.C. Gen. Stat. § 153A-340. In *Baucom's*, our Court held that a 19.6 acre nursery and greenhouse that produced vegetables and flowering plants was exempt from complying with a Mecklenburg County ordinance notwithstanding the fact that the plants were grown "in pots on top of plastic ground cover," as it is the "State's declared public policy" to encourage this type of agricultural production. *Id.* at 401, 303 S.E.2d at 238-39. Although our Court in *Baucom's* was interpreting the pre-amended version of N.C. Gen. Stat. § 153A-340 and the Mecklenburg County ordinance, the differences between the two statutes and the two ordinances do not require a different outcome in this case. Rather, the amended N.C. Gen. Stat. § 153A-340 governing this case is stronger evidence of the General Assembly's intent to define "bona fide farm purposes" to include plant cultivation because the amended statute, unlike its predecessor, explicitly lists the "production of . . . ornamental and flowering plants" as examples of uses of land for "[b]ona fide farm purposes."

Multiflora's operations are similar to those in *Baucom's*, as both involve the large-scale production and sale of "ornamental and flowering plants." We hold that the activities in which Multiflora is engaged including the construction of a driveway, the use of the driveway by large trucks to export plants from the premises, the operation of thirty-seven fans emitting low frequency sound and the selling of plants on the premises, fall within the bona fide farm purposes exemption for the following reasons. The use of large trucks to transport farm products, and the creation of facilities such as driveways and loading docks for such trucks, are both activities so essential to large-scale agricultural production that their exclusion from the exemption would render it meaningless. Similarly, the use of fans and heating devices is "incidental" to the year-round raising of plants inside greenhouses. Finally, as our Court held in *Baucom's*, the selling of the products raised on the premises is also an exempt activity. *Baucom's* at 401, 303 S.E.2d at 239.

As the activities conducted by Multiflora are exempt from compliance with the ordinance under N.C.G.S. § 153A-340, we reject the

Sedmans' third and fourth assignments of error pertaining to whether such activities comply with the ordinance. Thus the trial court's order granting partial summary judgment is affirmed.

Affirmed.

Chief Judge ARNOLD concurs.

Judge WALKER concurs with separate opinion.

Judge WALKER concurring.

Although I concur, I find it important to note that plaintiffs not only contend that defendants are not engaged in a "bona fide farm purpose" in accordance with N.C. Gen. Stat. § 153A-340, but also that defendants' operation violates the Orange County Zoning Ordinance ("ordinance").

Plaintiffs have unsuccessfully challenged defendants' operation as being in violation of the ordinance in the past, most recently in 1988. They now contend that Orange County erred in determining that defendants' operation "qualifies as a bona fide farm use and is therefore exempt from the County's zoning regulations." However, since Orange County is not a party to this action, this issue is not before us.