ROBERT E. LEE AND WIFE PATRICIA R. LEE v. CHARLIE SIMPSON, JOE
HUDSON, HARRY MYERS, ROY RICHARDSON, AND ROGER TICE,
UNION COUNTY BOARD OF COMMISSIONERS, AND LUTHER M.
McPHERSON, JR., UNION COUNTY PLANNING OFFICER AND UNION COUNTY,
A BODY POLITIC

No. 7920SC475

(Filed 15 January 1980)

**Municipal Corporations § 30.20— rezoning tract—failure to give notice to adjoining
landholders**

A county board of commissioners violated the procedural provisions of the
county's zoning ordinance in rezoning a tract of land by amendment to the or-
dinance without giving the notice to adjoining landholders required by the or-
dinance.

APPEAL by petitioners from *Seay, Judge.* Judgment entered
29 March 1979 in Superior Court, UNION County. Heard in the
Court of Appeals 8 January 1980.

*Charles D. Humphries, for petitioner appellants.*

*Griffin, Caldwell and Helder, by Thomas J. Caldwell and H.
Ligon Bundy, for respondent appellees.*

VAUGHN, Judge.

This appeal presents the question of whether the Union
County Board of Commissioners violated the procedural provi-
sions of the county's zoning ordinance in rezoning a tract of land
by amendment to the ordinance without giving the notice to ad-
joining landholders required by the ordinance. We hold that it
did.

This civil action brought by certain Union County property
owners against the county, the county board of commissioners
and the county planning officer sought to have a certain rezoning
action by the board of commissioners on 6 September 1977
declared invalid. The board acted upon a petition filed 21 July

1977 by DME, Inc. to rezone a 10.055 acre tract in the county from R-40 to R-20. The effect of the zoning amendment under the Union County Zoning Ordinance was to decrease the minimum lot size for a residential dwelling from 40,000 square feet to 20,000 square feet. On the day the petition was filed and the day the zoning amendment was adopted, petitioners owned property adjacent to the 10.055 acres in question. The Union County Zoning Ordinance § 133 (emphasis added) requires in part that "[a]ll petitions for change in the zoning map *shall* include a legal description of the property involved and the names and addresses of current abutting property owners . . . ." Petitioners' names and addresses were not listed in the rezoning petition. Section 130 of the zoning ordinance requires in part that "[t]he zoning enforcement officer *shall* also *notify* the owner or owners or [*sic*] property abutting the property sought to be rezoned of the petition for rezoning by mailing copy of said petition to such owner or owners at their last known address by regular mail." (Emphasis added.) Petitioners were not notified in this manner.

The trial court concluded that both sections 130 and 133 of the zoning ordinance were "directory only." In this conclusion, the trial court erred. The definitional section of the zoning ordinance of which the trial court was not made aware expressly provides, "[t]he word 'shall' is always mandatory and not merely directory." Union County Zoning Ordinance § 40.7.

Even though the board of commissioners may have complied with the enabling legislation's requirements of notice set out in G.S. 153A-323, it must also comply with its own rules and this it did not do. "The procedural rules of an administrative agency 'are binding upon the agency which enacts them as well as upon the public . . . . To be valid, the action of the agency must conform to its rules which are in effect at the time the action is taken, particularly those designed to provide procedural safeguards for fundamental rights.' " *Refining Co. v. Board of Aldermen*, 284 N.C. 458, 467-68, 202 S.E. 2d 129, 135 (1974); *George v. Town of Edenton*, 294 N.C. 679, 242 S.E. 2d 877 (1978). Because the Union County Board of Commissioners violated its own ordinance's notice requirement, the zoning amendment must be set aside.

Reversed.

Judges WEBB and MARTIN (Harry C.) concur.