ALSIE CORNELIA ANDREWS, Plaintiff-Appellee v. ALAMANCE COUNTY, A COUNTY IN THE STATE OF NORTH CAROLINA, AND THE ALAMANCE COUNTY BOARD OF COMMISSIONERS, LARRY SHARPE, CHAIRMAN, RICKEY MOOREFIELD, JUNIOR TEAGUE, JOHN PATTERSON, AND TIM SUTTON, IN THEIR OFFICIAL CAPACITIES AS COUNTY COMMISSIONERS, Defendants-Appellants

No. COA98-485

(Filed 6 April 1999)

**Zoning— action for declaratory relief—standing—action precipitous**

The trial court erred by denying defendants' motion to dismiss plaintiff's complaint seeking declaratory relief from an ordinance establishing minimum size requirements for manufactured home communities. Plaintiff's complaint only contains general allegations that she would be subject to the ordinance and that she intends to develop her property for a manufactured home community; she makes no assertions that she developed a site

plan or attempted to file a subdivision plat with the County, took any steps to begin development of her property, or applied for or was denied a permit of any kind by the County. It is precipitous to presume that plaintiff will be prohibited at this stage from developing her property due to the requirements of the ordinance.

Appeal by defendants from judgment entered 19 February 1998 and signed 2 March 1998 by Judge Wade Barber in Alamance County Superior Court. Heard in the Court of Appeals 18 February 1999.

*Vernon, Vernon, Wooten, Brown, Andrews & Garrett, P.A., by E. Lawson Brown, Jr. and Thomas R. Peake, II, for plaintiff-appellee.*

*David I. Smith, Alamance County Attorney, for defendants-appellants.*

WALKER, Judge.

On 7 October 1996, the Alamance County ("the County") Board of Commissioners adopted a Manufactured Home Park Ordinance ("the Ordinance"). The Ordinance establishes standards for the construction and development of new manufactured home communities in the County that are served by a community/public water system and located outside the water shed critical area. The Ordinance established a minimum lot size requirement of 30,000 square feet and a minimum lot frontage of 125 feet. This was in contrast to the subdivision ordinance adopted on 3 July 1972, which established standards for construction and development of residential subdivisions in the County. Under the subdivision ordinance, the minimum lot size requirement is 20,000 square feet for lots served by a community/public water system and septic tank and a minimum lot frontage of 60 feet.

Plaintiff owns three tracts of land in the County consisting of approximately 4.83 acres. The property is not located in a water shed critical area. On 1 November 1996, plaintiff filed this action in which she alleges that she intends to develop her property as a manufactured home community with lots to be served with a community water system and individual septic tanks. Plaintiff also alleged, among other things, that the minimum lot frontage requirements of the Ordinance have no rational basis or connection to any legitimate goal of the County and have no relationship to the public health,

safety or welfare, and, as applied to plaintiff, is arbitrary and capricious and deprives the plaintiff of her constitutional rights. For relief, plaintiff asked the trial court to enter a declaratory judgment declaring the minimum lot requirements invalid and unenforceable and to enter an injunction prohibiting defendants from enforcing the Ordinance.

On 6 January 1997, the Board of Commissioners adopted an amendment to the Ordinance reducing the minimum lot size requirement from 30,000 to 20,000 square feet in conformity with the subdivision ordinance. Plaintiff no longer disputes this section as amended.

The defendants filed a motion to dismiss pursuant to Rules 12(b)(2) and (6). On 19 February 1997, the trial court entered an order denying defendants' motion to dismiss. The trial court found:

3. That the Court finds and concludes as a matter of law that the Plaintiff has standing to commence this action and to seek the relief for which she has prayed in her Complaint;

. . .

5. That the Court further finds and concludes as a matter of law that Plaintiff's claims for Declaratory Judgment against Alamance County and the Board of Commissioners are not barred by governmental immunity, and the Plaintiff's claims against Defendants, Alamance County and the Board of Commissioners, should not be dismissed.

The trial court then ordered:

A. That the Defendants' Motion to Dismiss the Plaintiff's Complaint is denied;

On appeal defendants contend the trial court erred when it ruled plaintiff had standing to sue and defendants were not immune from suit.

First, defendants contend that plaintiff does not have standing to commence this action for declaratory and injunctive relief. Although not labeled as such, plaintiff's complaint is in the nature of a declaratory action as noted in her prayer for relief. "[A]n action for a declaratory judgment will lie only in a case in which there is an actual or real existing controversy between parties having adverse interests in the

matter in dispute." *Adams v. Dept. of N.E.R. and Everett v. Dept. of N.E.R.*, 295 N.C. 683, 703, 249 S.E.2d 402, 413-14 (1978) (*quoting Lide v. Mears*, 231 N.C. 111, 56 S.E.2d 404 (1949)). The resources of the judicial system "should be focused on problems which are real and present rather than dissipated on abstract, hypothetical or remote questions." *Id.* at 703, 249 S.E.2d at 414.

In order for a plaintiff to challenge the constitutionality of an ordinance under the Declaratory Judgment Act, she must produce evidence that she "has sustained an injury or is in immediate danger of sustaining an injury as a result of enforcement of the challenged ordinance." *Grace Baptist Church v. City of Oxford*, 320 N.C. 439, 444, 358 S.E.2d 372, 375 (1987). A plaintiff does not have to wait to be sued and may go to court and seek a declaration of her rights if she believes her rights to be affected and litigation is imminent. *Baucom's Nursery Co. v. Mecklenburg Co.*, 62 N.C. App. 396, 398, 303 S.E.2d 236, 237-38 (1983).

Plaintiff argues her claim for standing is supported by *Grace Baptist Church*, 320 N.C. at 444, 358 S.E.2d at 375, in which the plaintiff was found to have standing to challenge a city ordinance that required paved parking lots. There the plaintiff's complaint contained an allegation that the city intended to require it to pave its parking lot. *Id.* The Court said the allegation was not enough to give the plaintiff standing; however, the defendant's answer asked the trial court to order the plaintiff to immediately cease using the property until plaintiff complied with it. *Id.* Thus, the answer by the defendant, as well as the finding by the trial court that defendant would enforce the provision, led our Supreme Court to hold that the plaintiff was in immediate danger of sustaining injury and therefore properly had standing to bring this action. *Id.*

Plaintiff also points to *Baucom's Nursery Co.*, 62 N.C. App. at 397-98, 303 S.E.2d at 237-38, to support her claim for standing. There, the county had informed the plaintiff that its 19.6-acre tract was zoned for single family residences and was not exempt from the ordinance as a bona fide farm. *Id.* As a result, the plaintiff brought a declaratory judgment action to determine if his right to use his property was affected by the zoning ordinance. *Id.* This Court found that the plaintiff had standing to bring this action and noted several factors which created a genuine controversy, including the existence of the ordinance at the time in question, the issue of whether the plaintiff's property was used as a bona fide farm and therefore exempt

from the ordinance, and whether the tract was used as a plant nursery and greenhouses and not for farm purposes, and the history of dealings between the parties. *Id.*

Here, the plaintiff's complaint only contains general allegations that, as a property owner in the County, she would be subject to the Ordinance and that she "plans and intends to develop her property for a manufactured home/park community. . . ." Plaintiff makes no assertions in her complaint that she (1) has developed a site plan or attempted to file a subdivision plat with the County, (2) has taken any steps to begin the development of her property, or (3) has applied for or been denied a permit of any kind by the County.

Furthermore, the United States Supreme Court cases that deal with challenges to ordinances affecting property "uniformly reflect an insistence on knowing the nature and extent of permitted development before adjudicating the constitutionality of the regulations that purport to limit it." *Lucas v. So. Carolina Coastal Council*, 505 U.S. 1003, 1011, 120 L. Ed. 2d 798, 810 (1992) (*quoting MacDonald, Sommer & Frates v. County of Yolo*, 477 U.S. 340, 351, 91 L. Ed. 2d 285, 295-96 (1986)). Any challenges relating to land use are not ripe until there has been a final determination about what uses of the land will be permitted. *Id.* at 1041, 120 L. Ed. 2d at 892 (Blackmun, J., dissenting).

The plaintiff has failed to show that she is harmed by the Ordinance or that she has been discriminated against in its application. It is precipitous to presume plaintiff will be prohibited at this stage from developing her property due to the requirements of the Ordinance. Thus, we conclude there is no genuine controversy and plaintiff does not have standing to bring this action. We need not address defendants' remaining assignment of error. The order of the trial court is

Reversed.

Judges JOHN and McGEE concur.