THRASH LIMITED PARTNERSHIP and LOTT PARTNERSHIP II, Plaintiffs v. THE
COUNTY OF BUNCOMBE, Defendant

No. COA08-327

(Filed 17 March 2009)

**1. Zoning— amended ordinance—standing—failure to follow procedures**

The trial court did not err by concluding that plaintiff had standing to institute this declaratory judgment action challenging an amended zoning ordinance, even though it had not sought a permit to develop its land and had no active plans to build multi-family units on its land, because plaintiff's challenge to the amended zoning ordinance was based on the alleged failure of the county to follow the proper procedures to enact the zoning ordinance, which was an attack on the validity of the amended zoning ordinance instead of an "as-applied" challenge.

**2. Zoning— amended ordinance—failure to follow statutory and ordinance procedures—time of public hearing—map changes**

An amended county zoning ordinance extending zoning to the entire county was invalid where (1) the amendment was not

adopted in accordance with the county's own zoning ordinance procedure governing notice of a public hearing when the hearing was held fourteen days after the initial notice was published and not after the minimum of fifteen days as required by the ordinance; and (2) the county did not follow the procedure set forth in N.C.G.S. § 153A-344 and the county ordinance for implementing zoning maps changes in that requests for changes in zoning classification in the open use district were never considered by the planning board but were handled by the planning board staff, the staff approved 404 changes in zoning, and each approved change was incorporated into the zoning maps.

Appeal by plaintiff from judgment entered 21 December 2007 by Judge James U. Downs in Buncombe County Superior Court. Heard in the Court of Appeals 28 August 2008.

*The Van Winkle Law Firm, by Albert L. Sneed, Jr., for plaintiff-appellant.*

*William F. Slawter, PLLC, by William F. Slawter, and Assistant County Attorney Michael C. Frue, for defendant-appellee.*

STEELMAN, Judge.

Where a zoning ordinance amendment was not adopted in accordance with Buncombe County's own zoning ordinance procedures, the amendment is invalid.

## I. Factual and Procedural Background

Plaintiff Lott Partnership II is a North Carolina Limited Partnership which owns a parcel of land in eastern Buncombe County. Plaintiff Thrash Limited Partnership sold its land during the pendency of this action and the action is moot as to Thrash Limited Partnership.

Defendant Buncombe County ("County") first exercised its zoning authority pursuant to Article 18 of Chapter 153A in the 1970's by enacting a community-based zoning plan that only applied zoning to townships in which the residents requested zoning. As of March of 2007, Limestone and Beaverdam were the only townships to request zoning, and those ordinances are codified, respectively, as Articles III and IV of the Buncombe County Code.

On 8 March 2007, the Buncombe County Commissioners adopted a resolution which referred a draft of "the proposed amendments to

the zoning ordinance of Buncombe County, North Carolina as well as the amended zoning maps" (the "Amended Zoning Ordinance") to the Buncombe County Planning Board ("Planning Board"). The Amended Zoning Ordinance was modeled after the Limestone Township Zoning ordinance, and was the first county-wide zoning ordinance, superceding Articles III and IV of the County Code. The Planning Board considered the text of the Amended Zoning Ordinance on 19 and 26 March, and 2 April. On 2 April, the Planning Board adopted a resolution setting forth its recommendations regarding the text of the Amended Zoning Ordinance.

On 10 and 17 April 2007, a notice of a public hearing was published in the Asheville Citizen-Times stating that the "Buncombe County Board of Commissioners will conduct a public hearing on the 24th day of April 2007 . . . to consider the adoption of the Amended County Zoning Ordinance and Zoning Maps." The notice further provided that "[a] copy of the amended ordinance can be accessed at buncombecounty.org . . ." The public hearing was held on 24 April.

On 1 May 2007, the board of commissioners adopted the Amended Zoning Ordinance enacting county-wide zoning. On 15 June 2007, plaintiff filed an action seeking to have the Amended Zoning Ordinance declared invalid, alleging that the Ordinance was adopted without compliance with the requirements of County's Zoning Ordinance and state law. Following a summary judgment hearing on 4 December 2007, Judge Downs entered an order on 21 December 2007, ruling that plaintiff had standing to bring the action and granting summary judgment in favor of County. Plaintiff appeals. County cross-assigns as error the trial court's finding and conclusion that plaintiff had standing.

## II. Standing

[1] We first address County's contention that plaintiff did not have standing to institute this action because it had not sought a permit to develop its land and had no active plans to build multi-family units on its land. We disagree.

"Standing is a necessary prerequisite to a court's proper exercise of subject matter jurisdiction." *Aubin v. Susi*, 149 N.C. App. 320, 324, 560 S.E.2d 875, 878 (2002) (citation omitted). As the party invoking jurisdiction, plaintiffs have the burden of establishing standing. *Neuse River Found. v. Smithfield Foods*, 155 N.C. App. 110, 113, 574 S.E.2d 48, 51 (2002) (citation omitted).

North Carolina's case law makes clear that landowners in the area of a county affected by a zoning ordinance are allowed to challenge the ordinance on the basis of procedural defects in the enactment of such ordinances. *See Frizzelle v. Harnett County*, 106 N.C. App. 234, 416 S.E.2d 421 (1992) (plaintiffs, as landowners in the area of the county affected by the zoning ordinance, were allowed to challenge the ordinance on the basis of inadequate notice); *Lee v. Simpson*, 44 N.C. App. 611, 261 S.E.2d 295 (1980) (plaintiffs, who were owners of property adjacent to property that was rezoned, succeeded in overturning the rezoning ordinance for lack of proper notice); *George v. Town of Edenton*, 294 N.C. 679, 680, 242 S.E.2d 877, 878 (1978) ("Plaintiffs, as residents of Chowan County within the jurisdiction of the zoning powers of defendants, challenge in their complaint the legality of both actions of the Town Council and ask the court to determine their validity."); *Blades v. City of Raleigh*, 280 N.C. 531, 544, 187 S.E.2d 35, 42 (1972) ("The plaintiffs, owners of property in the adjoining area affected by the ordinance, are parties in interest entitled to maintain the action.").

County contends that plaintiff does not have standing because it "ha[s] not alleged that the County has sought to apply the Ordinance under challenge to the Plaintiff[] or that the Plaintiff[] ha[s] applied for or been denied anything related to use of their property." County argues that the instant case is controlled by *Andrews v. Alamance County*, 132 N.C. App. 811, 513 S.E.2d 349 (1999). In *Andrews*, the plaintiff alleged an intention to develop her property as a manufactured home community and brought a declaratory judgment action seeking to declare the county ordinance establishing minimum lot requirements as invalid as applied to her. This Court held that the plaintiff lacked standing to sue because she did not allege in her complaint that she had taken any steps to begin developing her property, such as applying for a permit or filing a subdivision plat with the county. *Andrews*, 132 N.C. App. at 815, 513 S.E.2d at 351. In the instant case, County contends that since plaintiff has not sought to use its property for a multi-family dwelling use, it is not an "aggrieved party."

We find *Andrews* to be distinguishable. The plaintiff's challenge to the zoning ordinance in *Andrews* was based on arbitrariness, equal protection, or constitutionality as applied to the plaintiff's land. As the case necessarily involved a specific consideration of plaintiff's land, plaintiff was required to show that she had an immediate risk of sustaining an injury in order to have standing. In contrast, plaintiff's

challenge in the instant case to the Amended Zoning Ordinance is based on the alleged failure of County to follow the proper procedures to enact the zoning ordinance. Thus, plaintiff's declaratory judgment action is not an "as-applied" challenge, but rather is an attack on the validity of the Amended Zoning Ordinance.

This argument is without merit.

### III.  Amended Zoning Ordinance

[2] In its sole argument on appeal, plaintiff contends that the trial court erred in granting County's motion for summary judgment on the grounds that County failed to follow the proper procedures to amend its Zoning Ordinance. We agree.

### Standard of Review—Summary Judgment

Our standard of review of a trial court's ruling on a motion for summary judgment is *de novo*, and "this Court's task is to determine, on the basis of the materials presented to the trial court, whether there is a genuine issue as to any material fact and whether the moving party is entitled to judgment as a matter of law." *Coastal Plains Utils., Inc. v. New Hanover Cty.*, 166 N.C. App. 333, 340, 601 S.E.2d 915, 920 (2004) (citation omitted).

### Amendment of Buncombe County's Zoning Ordinance

This Court has repeatedly held that a County's failure to comply with the provisions of its own ordinance, including procedures to amend a zoning ordinance, renders the ordinance invalid. *See, e.g., Lee* at 612, 261 S.E.2d at 296 ("The procedural rules of an administrative agency 'are binding upon the agency which enacts them as well as upon the public . . . . To be valid, the action of the agency must conform to its rules which are in effect at the time the action is taken, particularly those designed to provide procedural safeguards for fundamental rights.' " (quotation omitted)); *Frizzelle* at 243, 416 S.E.2d at 426 ("Because the Harnett County Board of Commissioners violated its own ordinance's notice requirements for amending the zoning ordinance, the zoning amendment must be set aside as to the southern section of the county."); *George at* 687, 242 S.E.2d at 882 (where the Town Council acted in violation of required procedures, the purported rezoning was set aside).

Article III, § 78-341 of the Buncombe County Code provides that the Article, including the zoning map, "may be amended by the Board of Commissioners in accordance with the provisions of this division."

THRASH LTD. P'SHIP v. COUNTY OF BUNCOMBE

[195 N.C. App. 678 (2009)]

Section 78-345 of Article III provides the procedures County is required to follow prior to amending the Article:

> A notice of such public hearing shall be published in a newspaper of general circulation in the county once a week for two successive weeks. The first publication shall not appear less than 15 days or more than 25 days prior to the date fixed for the public hearing. The notice shall include the time, place, and date of the hearing and include a description of the property or the nature of the change or amendment to the article and/or map.

County contends that Article III of the County Code applies only to changes and amendments to re-zone Limestone Township, and does not apply to an initial zoning of the entire county. County argues that it was not required to follow the procedures set forth in Article III governing the amendment of the ordinance. In support of its argument, County cites to the jurisdiction sections of the Limestone and Beaverdam ordinances, which limit the application of those ordinances to their respective townships.

We first note that it is clear from the record that County considered the Amended Zoning Ordinance to be an "amendment" to the zoning provisions contained in its County Code. The 8 March resolution adopted by the Buncombe County Commissioners referred to "the proposed amendments to the zoning ordinance of Buncombe County[.]" The notices published in the Asheville Citizen-Times expressly stated that the purpose of the public hearing was "to consider the adoption of the *Amended County Zoning Ordinance* and Zoning Maps." (emphasis added). The notice further provided that "[a] copy of the *amended ordinance* can be accessed at buncombe-county.org . . ." (emphasis added). County thus acknowledged that the ordinance was an amendment to its existing ordinances, and County was therefore required to follow the procedures set forth in those ordinances prior to enacting the amendment.

### Notice of Public Hearing

Plaintiff first contends that the Amended Zoning Ordinance is invalid on the grounds that County did not comply with its own rules governing notice of a public hearing on an amendment to the zoning ordinance.

On 10 and 17 April 2007, a notice regarding a public hearing on the Amended Zoning Ordinance was published in the Asheville Citizen-Times. The public hearing was held on 24 April, fourteen days

after the initial notice was published and not the minimum of fifteen days as required by the ordinance.

This case is controlled by our decision in *Frizzelle v. Harnett County*, 106 N.C. App. 234, 416 S.E.2d 421 (1992). In *Frizzelle*, the Harnett County Board of Commissioners adopted a zoning ordinance which applied exclusively to the northern section of Harnett County. The County subsequently enacted a zoning ordinance which extended the zoning ordinance to the southern section of the County. The plaintiff landowners challenged the zoning ordinance on the grounds that the County failed to follow the proper procedures to extend the ordinance to the southern section of the County in violation of the amendment procedures established in the zoning ordinance applicable to the northern section. This Court agreed with plaintiffs, finding that "the county failed to follow its own procedures as delineated in the zoning ordinance that it wrote[.]" *Frizelle* at 242, 416 S.E.2d at 425. Although the County argued, as Buncombe County argues in the instant case, that the provisions of the zoning ordinance for the northern section were not intended to apply to the initial zoning of the southern section, this Court rejected the argument, stating that since the County "was the drafter of the ordinance in question and in a position to include any restrictions and qualifications it chose," the notice requirements for amending the zoning ordinance in the northern section were applicable to county-wide zoning. *Id.* at 243, 416 S.E.2d at 426.

Likewise, County's argument that the provisions of Article III did not apply to its county-wide Amended Zoning Ordinance must fail. The clear and unequivocal language of the zoning ordinance requires at least fifteen days' notice prior to the public hearing on any amendments to the Ordinance. The record reveals that County only provided fourteen days' notice.

If a County were allowed to enact a zoning change as part of an adoption of a "new ordinance" rather than as an amendment to an existing ordinance, "[s]uch a distinction would allow easy circumvention of the provision whenever an applicant can attach a proposed zoning amendment to some larger revision of the general ordinance. We therefore decline so to eviscerate a requirement the Council has established to regulate its own procedure." *George* at 685, 242 S.E.2d at 881 (citations omitted). Because County failed to follow its own procedures in amending its Ordinance, the Amended Zoning Ordinance is invalid. *See id.*; *see also Refining Co. v. Board of Aldermen*, 284 N.C. 458, 468, 202 S.E.2d 129, 135-36 (1974) ("The fail-

ure of the Aldermen to comply with the terms of the ordinance requires that its denial of Humble's application for a special use permit be set aside . . .").

### Map Changes to Amended Zoning Ordinance

Plaintiff next contends that the Amended Zoning Ordinance is invalid on the grounds that County did not follow North Carolina statutory procedure for submitting zoning maps to the Planning Board.

N.C. Gen. Stat. § 153A-344 provides, in part, "[s]ubsequent to initial adoption of a zoning ordinance, all proposed amendments to the zoning ordinance or zoning map *shall* be submitted to the planning board for review and comment." N.C. Gen. Stat. § 153A-344(a) (2007) (emphasis added).

At their 20 November 2006 meeting, the Planning Board reviewed the original draft zoning amendments and hand drawn zoning maps. Through several ensuing meetings, the Planning Board reviewed and recommended changes to the text of the amendments. Following the 8 January 2007 meeting, sets of zoning maps were produced and distributed to Planning Board members. These maps showed the proposed classification for each property in Buncombe County. The text of the ordinance amendments did not indicate how a particular piece of property was to be zoned.

At an 11 January 2007 Planning staff meeting, a discussion took place as to how to handle requests to change the proposed zoning by individual property owners. It was decided to make forms requesting a change in the proposed zoning available to the public. Between 23 January 2007 and 5 February 2007, a series of Community Zoning Meetings were held at different locations throughout Buncombe County. Planning staff and Planning Board members were present to hear community concerns and answer questions. Requests for changes in zoning classification were received at this meeting.

At the 26 February 2007 Planning Board meeting, it was decided to postpone the public hearing to 24 April 2007, and to set 15 March 2007 as the deadline for submission of requests to change the zoning classification. The deadline was posted on the website and persons seeking a change in zoning were notified of this deadline by Planning staff. The zoning maps divided Buncombe County into two categories: properties within the MSD Sewer Service District, and the Open Use District. As of 15 March 2007, there were 374 requests for

changes in zoning classifications for properties in the Open Use District. At its 19 March 2007 meeting, the Planning Board voted unanimously to only consider requested zoning changes within or contiguous to the MSD Sewer Service District. This was done at the 26 March 2007 meeting.

Following the 15 March 2007 deadline for submission of requests for change in zoning classification, requests continued to come into the Planning Department. At its 2 April 2007 meeting, the Planning Board reviewed requests to change zoning classification in the MSD Sewer Service District. At its 16 April 2007 meeting, the Planning Board continued to review requests for change in zoning classification in the MSD Sewer Service District, received through 12 April 2007. At its 19 April 2007 Special Meeting, the Planning Board considered change requests for the MSD Sewer Service District received between 13 April and 19 April. Each approved change in zoning classification necessitated a corresponding change in the zoning maps. No further change requests were processed after 19 April 2007.

At its 23 April 2007 Special Meeting, the Planning Board heard appeals of its previous denials for zoning classification changes. It also approved a resolution recommending the proposed zoning map, with all MSD Sewer Service District changes included, to the Board of Commissioners. These changes were incorporated into maps dated 24 April 2007.

The requests for changes in zoning classification in the Open Use District were never considered by the Planning Board. Instead, they were handled by the Planning staff, which approved 404 changes in zoning in the Open Use District. Each of these changes necessitated a change in the zoning maps. These changes were incorporated into the zoning maps dated 24 April 2007.

N.C. Gen. Stat. § 153A-344 requires that changes in a "zoning map shall be submitted to the planning board for review and comment." The language of this provision is mandatory, not discretionary. In its headlong rush to adopt the amendments to its ordinance, County violated this statutory provision. In addition, County did not comply with the provisions of its own existing ordinance:

> Before taking any action on a proposed amendment to this article, the board of commissioners shall consider the planning board's recommendations on each proposed amendment.

Buncombe County, N.C., Code Article III, § 78-344 (2007).

Finally, we note that the maps used at the public hearing before the board of commissioners on 24 April 2007 were not in existence at the time the public hearing was called for, and at the time the notices were published in the newspapers. Citizens are most concerned with how their property and their neighbors' property is zoned. In this case, changes were being made to the zoning maps, the only document showing how a particular property was to be zoned, up until the day before the public hearing. We fail to see how the citizens of Buncombe County could make any meaningful comment on the proposed zoning ordinance amendments under these circumstances.

We hold that County's violation of the provisions of N.C. Gen. Stat. § 153A-344 provides an additional basis for declaring the amendments to the zoning ordinance to be invalid.

## IV. Conclusion

This matter came before the trial court on cross-motions for summary judgment. Neither party has asserted that there are any material issues of fact present in this case. We hold that the trial court erred in granting County's motion for summary judgment. The order of the trial court is reversed and this matter is remanded to the trial court for entry of judgment in favor of plaintiff in accordance with this opinion. The trial court's conclusion that plaintiff had standing to challenge the ordinance is affirmed.

AFFIRMED in part; REVERSED and REMANDED in part.

Judges GEER and STEPHENS concur.