THRASH LIMITED PARTNERSHIP AND LOTT PARTNERSHIP II, PLAINTIFFS v. THE COUNTY OF BUNCOMBE, DEFENDANT

No. COA08-229

(Filed 17 March 2009)

**1. Zoning— amended ordinance—standing—failure to follow procedures**

The trial court did not err by concluding that plaintiff had standing to institute this declaratory judgment action challenging an amended zoning ordinance, even though it had not sought a

permit to develop its land and had no active plans to build multi-family units on its land, because: (1) plaintiff's challenge to the amended zoning ordinance was based on the alleged failure of the county to follow the proper procedures to enact the zoning ordinance, which was an attack on the validity of the amended zoning ordinance instead of an "as-applied" challenge; (2) plaintiff's use of its land was limited by the zoning regulations; and (3) to require a plaintiff to demonstrate a direct injury in order to challenge a zoning regulation would allow counties to make zoning decisions without complying with the statutory requirements of Article 18 of Chapter 153A of the General Statutes.

## 2. Zoning— Multi-Family Dwelling Ordinance—failure to follow procedures—notice

A Multi-Family Dwelling Ordinance was passed without proper notice and was thus invalid because: (1) although the county claims the Multi-Family Dwelling Ordinance was enacted under N.C.G.S. § 153A-121, a county may not evade the legislative notice requirements imposed by N.C.G.S. § 153A-323 by labeling the zoning act as an exercise of police power; and (2) the ordinance substantially affected plaintiff's use of its property, and the county had to comply with the notice requirements since the ordinance was the type authorized by Article 18.

Appeal by plaintiff from judgment entered 28 December 2007 by Judge James U. Downs in Buncombe County Superior Court. Heard in the Court of Appeals 28 August 2008.

*The Van Winkle Law Firm, by Albert L. Sneed, Jr., for plaintiff-appellant.*

*County Attorney Joseph A. Connolly, and Assistant County Attorney Michael C. Frue for defendant-appellee.*

STEELMAN, Judge.

Where plaintiff is a landowner within the county affected by the zoning ordinance, plaintiff has standing to contest the procedural enactment of the ordinance. Where the zoning ordinance was not adopted in accordance with statutory requirements, the ordinance is invalid.

## I.  Factual and Procedural Background

Plaintiff Lott Partnership II is a North Carolina Limited Partnership which owns a parcel of land in defendant Buncombe County ("County"). Plaintiff Thrash Limited Partnership sold its land during the pendency of this action and the action is moot as to Thrash Limited Partnership.

On 6 December 2006, the Buncombe County Commissioners drafted an ordinance regulating multi-family dwellings. The Multi-Family Dwelling Ordinance applies one set of rules for properties located above 2500 feet above sea level, and another set of rules for properties located 3000 feet above sea level. The Ordinance does not apply any rules to property located below 2500 feet above sea level.

On 8 March 2007, the Commissioners voted to enact the Multi-Family Dwelling Ordinance. On 7 May 2007, plaintiff filed an action for declaratory relief seeking to have the Multi-Family Dwelling Ordinance declared invalid, alleging that the Ordinance was adopted without compliance with the prerequisite statutory requirements of adopting zoning ordinances pursuant to Article 18 of Chapter 153A. On 8 August 2007, County filed a motion to dismiss based on Rules 12(b)(1), 12(b)(2), and 12(b)(6) of the North Carolina Rules of Civil Procedure, contending that plaintiff lacked standing to bring a declaratory judgment action. Plaintiff filed a motion for judgment on the pleadings based on Rule 12(c).

Following a hearing on 12 December 2007, the trial court found that matters outside the pleadings were presented and treated the motions as summary judgment motions pursuant to Rule 56 of the North Carolina Rules of Civil Procedure. The trial court entered an order on 28 December 2007, finding and concluding that plaintiff had standing to bring the action and granting summary judgment in favor of County. Plaintiff appeals. County cross-assigns as error the trial court's finding and conclusion that plaintiff had standing.

## II.  Standing

[1] We first address County's contention that plaintiff did not have standing to prosecute this action because it had not sought a permit to develop its land and had no active plans to build multi-family units on its land. We disagree.

"Standing is a necessary prerequisite to a court's proper exercise of subject matter jurisdiction." *Aubin v. Susi*, 149 N.C. App. 320, 324,

560 S.E.2d 875, 878 (2002) (citation omitted). As the party invoking jurisdiction, plaintiffs have the burden of establishing standing. *Neuse River Found. v. Smithfield Foods*, 155 N.C. App. 110, 113, 574 S.E.2d 48, 51 (2002) (citation omitted).

North Carolina's case law makes clear that landowners in the area of a county affected by a zoning ordinance are allowed to challenge the ordinance on the basis of procedural defects in the enactment of such ordinances. *See Frizzelle v. Harnett County*, 106 N.C. App. 234, 416 S.E.2d 421 (1992) (plaintiffs, as landowners in the area of the county affected by the zoning ordinance, were allowed to challenge the ordinance on the basis of inadequate notice); *Lee v. Simpson*, 44 N.C. 611, 261 S.E.2d 295 (1980) (plaintiffs, who were owners of property adjacent to property that was rezoned, succeeded in overturning the rezoning ordinance for lack of proper notice); *George v. Town of Edenton*, 294 N.C. 679, 680, 242 S.E.2d 877, 878 (1978) ("Plaintiffs, as residents of Chowan County within the jurisdiction of the zoning powers of defendants, challenge in their complaint the legality of both actions of the Town Council and ask the court to determine their validity."); *Blades v. City of Raleigh*, 280 N.C. 531, 544, 187 S.E.2d 35, 42 (1972) ("The plaintiffs, owners of property in the adjoining area affected by the ordinance, are parties in interest entitled to maintain the action.").

County contends that plaintiff does not have standing because it "ha[s] not alleged that the County has sought to apply the Ordinance under challenge to the Plaintiff[] or that the Plaintiff[] ha[s] applied for or been denied anything related to use of their property." County argues that the instant case is controlled by *Andrews v. Alamance County*, 132 N.C. App. 811, 513 S.E.2d 349 (1999). In *Andrews*, the plaintiff alleged an intention to develop her property as a manufactured home community and brought a declaratory judgment action seeking to declare the county ordinance establishing minimum lot requirements as invalid as applied to her. This Court held that the plaintiff lacked standing to sue because she did not allege in her complaint that she had taken any steps to begin developing her property, such as applying for a permit or filing a subdivision plat with the county. *Andrews*, 132 N.C. App. at 815, 513 S.E.2d at 351. In the instant case, County contends that, since plaintiff has not sought to use its property for a multi-family dwelling use, it is not an "aggrieved party."

We find *Andrews* to be distinguishable. The plaintiff's challenge to the zoning ordinance in *Andrews* was based on arbitrariness, equal

protection, or constitutionality as applied to the plaintiff's land. As the case necessarily involved a specific consideration of plaintiff's land, the plaintiff was required to show that she had an immediate risk of sustaining an injury in order to have standing. In the instant case, plaintiff is challenging the procedural enactment of the Multi-Family Dwelling Ordinance. Thus, plaintiff's declaratory judgment action is not an "as-applied" challenge, but rather is an attack on the validity of the zoning ordinance.

"A party has standing to challenge a zoning ordinance in an action for declaratory judgment only when it 'has a specific personal and legal interest in the subject matter affected by the zoning ordinance and . . . is directly and adversely affected thereby.' " *Village Creek Prop. Owners' Ass'n v. Town of Edenton*, 135 N.C. App. 482, 485, 520 S.E.2d 793, 795 (1999) (quotation omitted). The Multi-Family Dwelling Ordinance contains regulations of land which are contingent upon the elevation and use of the land. Plaintiff's land is located at an elevation above 2500 feet above sea level, and is suitable for multi-family dwelling use. Therefore, plaintiff's use of its land was limited by the zoning regulations.

We hold that plaintiff has standing to challenge the validity of the Multi-Family Dwelling Ordinance. We further note that to require a plaintiff to demonstrate a direct injury in order to challenge a zoning regulation would allow counties to make zoning decisions without complying with the statutory requirements of Article 18 of Chapter 153A of the General Statutes.

### III. Exercise of Police Power

[2] In its first argument, plaintiff contends that the trial court erred in granting County's motion for summary judgment on the grounds that the Multi-Family Dwelling Ordinance was passed without proper notice. We agree.

### Standard of Review—Summary Judgment

Our standard of review of a trial court's ruling on a motion for summary judgment is *de novo*, and "this Court's task is to determine, on the basis of the materials presented to the trial court, whether there is a genuine issue as to any material fact and whether the moving party is entitled to judgment as a matter of law." *Coastal Plains Utils., Inc. v. New Hanover Cty.*, 166 N.C. App. 333, 340, 601 S.E.2d 915, 920 (2004) (citation omitted).

North Carolina General Statutes/Zoning Laws

Local governments have only powers conferred to them by the Legislature. *Keiger v. Board of Adjustment*, 281 N.C. 715, 720, 190 S.E.2d 175, 179 (1972); *see also Surplus Co. v. Pleasants*, 264 N.C. 650, 654, 142 S.E.2d 697, 701 (1965) (counties "possess only such powers and delegated authority as the General Assembly may deem fit to confer upon them.").

A county has the power to adopt a zoning ordinance "[f]or the purpose of promoting health, safety, morals, or the general welfare[.]" N.C. Gen. Stat. § 153A-340(a) (2007). This power is delegated to local governments by the North Carolina legislature and authorizes counties to:

> regulate and restrict the height, number of stories and size of buildings and other structures, the percentage of lots that may be occupied, the size of yards, courts and other open spaces, the density of population, and the location and use of buildings, structures, and land for trade, industry, residence, or other purposes.

N.C. Gen. Stat. § 153A-340(a) (2007).

N.C. Gen. Stat. § 153A-342(d) (2007) provides, in part:

> A county may determine that the public interest does not require that the entire territorial jurisdiction of the county be zoned and may designate one or more portions of that jurisdiction as a zoning area or areas.

"Within these districts a county may regulate and restrict the erection, construction, reconstruction, alteration, repair or use of buildings, structures, or land." *Sandy Mush Props., Inc. v. Rutherford Cty.*, 164 N.C. App. 162, 167, 595 S.E.2d 233, 236 (2004) (quoting N.C. Gen. Stat. § 153A-342).

Before adopting any ordinance authorized by Article 18, the Board of Commissioners must first receive "a recommendation regarding the ordinance from the planning board" and shall then hold a public hearing. N.C. Gen. Stat. § 153A-344(a); N.C. Gen. Stat. § 153A-323. Notice of the hearing shall be published "once a week for two successive calendar weeks. The notice shall be published the first time not less than 10 days nor more than 25 days before the date fixed for the hearing." N.C. Gen. Stat. § 153A-323.

The determination of whether an ordinance is a zoning ordinance, and must be enacted under the procedures which govern zoning and rezoning, is whether the ordinance "substantially affects land use[.]" *Vulcan Materials Co. v. Iredell County*, 103 N.C. App. 779, 782, 407 S.E.2d 283, 286 (1991) (quotation omitted). Zoning ordinances not adopted in accordance with enabling statutes are invalid. *Kass v. Hedgpeth*, 226 N.C. 405, 407, 38 S.E.2d 164, 165 (1946).

In the instant case, County concedes that the public hearing on the consideration of the Multi-Family Dwelling Ordinance was not advertised in accordance with N.C. Gen. Stat. § 153A-323 or 343. However, County argues that the Ordinance was adopted pursuant to N.C. Gen. Stat. § 153A-121, providing for the adoption of ordinances in the exercise of a county's general police power, and that the requirements of N.C. Gen. Stat. § 153A-323 were inapplicable.

The Multi-Family Dwelling Ordinance limited density and regulated: property used for multi-family dwellings; the height of buildings; the area of land disturbance and development as a portion of any parcel; parking standards for roads built in Group Housing · Projects; subdivision of land; and road construction. All of these regulations are governed by Article 18 of Chapter 153A. By approving the ordinance, the Board divided the County into three separate zones. The effect of the Multi-Family Dwelling Ordinance was to make unzoned areas of the county subject to zoning prior to adoption of a zoning ordinance. *See Sandy Mush* at 167, 595 S.E.2d at 236 (citing *Vulcan* at 782, 407 S.E.2d at 286). "An action of this nature is *authorized* under Article 18 even though the Board sought to use Section 153A-121 to justify the County division." *Id.* (emphasis in original). Although County claims that the Multi-Family Dwelling Ordinance was enacted pursuant to N.C. Gen. Stat. § 153A-121, a county may not evade the legislative notice requirements imposed by Section 153A-323 by labeling the zoning act as an exercise of police power. *See id.*

The Multi-Family Dwelling Ordinance substantially affected plaintiff's use of its property. Since the ordinance was the type of ordinance authorized by Article 18, County had to comply with the notice requirements of Section 153A-323. *See Sandy Mush* at 168, · 595 S.E.2d at 237; *see also Refining Co. v. Board of Aldermen*, 284 N.C. 458, 468, 202 S.E.2d 129, 135-36 (1974). The ordinance was not passed in accordance with statutory requirements and we hold that it is invalid.

TROPHY TRACKS, INC. v. MASSACHUSETTS BAY INS. CO.

[195 N.C. App. 734 (2009)]

### IV.  Conclusion

This matter was decided upon summary judgment. Neither party has asserted that there are any material issues of fact present in this case. We hold that the trial court erred in granting County's motion for summary judgment. The order of the trial court is reversed and this matter is remanded to the trial court for entry of judgment in favor of plaintiff in accordance with this opinion. The trial court's conclusion that plaintiff had standing to challenge the ordinance is affirmed.

AFFIRMED in part; REVERSED and REMANDED in part.

Judges GEER and STEPHENS concur.