INMAN, Judge.
 

 *168
 
 A county ordinance rezoning a tract of land is not subject to challenge in court by owners of an adjacent tract who fail to allege actual or imminent injury resulting from the rezoning.
 

 Glen Lewis Ring, Wanda Joyce Ring, William Thomas Ring, and Pamela Ann Ring (collectively "Plaintiffs") appeal from an order dismissing their declaratory judgment action against Moore County, Camp
 
 *169
 
 Easter
 
 *12
 
 Management LLC ("Camp Easter"), and Bob Koontz (collectively "Defendants"), challenging the rezoning of a tract of land in Moore County, North Carolina (the "Property"). Plaintiffs argue that the trial court erred in concluding that Plaintiffs lacked standing to assert their spot zoning claims and to challenge the procedural defects in the rezoning process for the Property. After careful review, we affirm the trial court's order.
 

 Facts and Procedural History
 

 The subject of this appeal is a 108-acre tract of land in Moore County, North Carolina, the Property, owned by Camp Easter. In 2015, Camp Easter applied to the Moore County Board of Commissioners (the "Board") to rezone the Property from Residential and Agricultural-40 ("RA-40") to Residential and Agricultural-20 ("RA-20"). The application's stated purpose was "to allow for the development of a new elementary school and single-family development on the property." The Board rezoned the Property as requested in 2016. The rezoning reduced the minimum lot size from 40,000 square feet to 20,000 square feet.
 

 Plaintiffs own 150 acres of land adjacent to the Property. Since 1948, the family has owned and operated a commercial poultry farm on this land. The operation includes three active poultry houses, the waste from which Plaintiffs use to fertilize their fields. In addition to the farming operations, Plaintiffs use their property for deer and small game hunting. There is also a residential subdivision across from Plaintiffs' land.
 

 In April 2016, Plaintiffs filed a summons and complaint in Moore County against Defendants. Plaintiffs' complaint sought certiorari and a declaratory judgment ordering that the rezoning of the Property was null and void and of no effect because it was illegal spot zoning that was made arbitrarily and capriciously. Plaintiffs, within weeks, filed an amended complaint seeking only declaratory judgment. Defendants filed motions to dismiss the action on grounds including that Plaintiffs lacked standing.
 

 Following a motion by Plaintiffs, the trial court entered an order granting Plaintiffs leave to file and serve a second amended complaint. The second amended complaint alleged that Moore County provided inadequate or improper notice of rezoning, violated Plaintiffs' right to procedural and substantive due process under the Fourteenth Amendment to the United States Constitution and Article 1, § 19 of the North Carolina Constitution, and arbitrarily and capriciously engaged in impermissible spot zoning.
 

 *170
 
 On 7 July 2016, the trial court entered an order granting Defendants' motions to dismiss for lack of standing. Plaintiffs' timely filed notice of appeal.
 

 Analysis
 

 Plaintiffs argue that the trial court erred by dismissing the action, asserting that they have standing under both the North Carolina Supreme Court's decision in
 
 Taylor v. City of Raleigh
 
 ,
 
 290 N.C. 608
 
 ,
 
 227 S.E.2d 576
 
 (1976), and this Court's decision in
 
 Morgan v. Nash Cty.
 
 ,
 
 224 N.C. App. 60
 
 ,
 
 735 S.E.2d 615
 
 (2012). We disagree.
 

 A. Standard of Review
 

 "Standing is a necessary prerequisite to a court's proper exercise of subject matter jurisdiction."
 
 Cook v. Union Cty. Zoning Bd. of Adjustment
 
 ,
 
 185 N.C. App. 582
 
 , 588,
 
 649 S.E.2d 458
 
 , 464 (2007) (internal quotation marks and citations omitted). "A ruling on a motion to dismiss for want of standing is reviewed de novo."
 
 Metcalf v. Black Dog Realty, LLC
 
 ,
 
 200 N.C. App. 619
 
 , 625,
 
 684 S.E.2d 709
 
 , 714 (2009) (citation omitted). "In our de novo review of a motion to dismiss for lack of standing, we view the allegations as true and the supporting record in the light most favorable to the non-moving party."
 
 Mangum v. Raleigh Bd. of Adjustment
 
 ,
 
 362 N.C. 640
 
 , 644,
 
 669 S.E.2d 279
 
 , 283 (2008) (citation omitted).
 

 B. Discussion
 

 In
 
 Taylor
 
 , the North Carolina Supreme Court held that "the validity of a municipal zoning ordinance, when directly and necessarily involved, may be determined in a properly constituted action under our Declaratory Judgment Act."
 
 290 N.C. at 620
 
 ,
 
 227 S.E.2d at 583
 
 . However, that decision also held that
 
 *13
 
 only a person with proper standing may bring such a challenge.
 

 Id.
 

 at 620
 
 ,
 
 227 S.E.2d at 583
 
 .
 
 Taylor
 
 provided a two-part analysis for determining whether standing exists to challenge a rezoning decision under the Declaratory Judgment Act: first, a plaintiff must demonstrate "a specific personal and legal interest in the subject matter affected by the zoning ordinance[,]" and second, he must show that he is "directly and adversely affected thereby."
 

 Id.
 

 at 620
 
 ,
 
 227 S.E.2d at 583
 
 .
 

 In
 
 Taylor
 
 , the City of Raleigh brought condemnation actions against the plaintiffs, seeking easements across their land to construct water and sewer lines to newly rezoned land.
 

 Id.
 

 at 616
 
 ,
 
 227 S.E.2d at 581
 
 . In response, the plaintiffs challenged the rezoning of the land which was done to allow for the construction of multiple apartment homes.
 

 *171
 

 Id.
 

 at 616
 
 ,
 
 227 S.E.2d at 581
 
 . The Court held that the plaintiffs lacked standing to challenge the rezoning ordinances because the plaintiffs failed to establish that they were "persons aggrieved[,]" and specifically because the evidence of record revealed: (1) the distance from the rezoned property to the plaintiffs' property was approximately one-half mile, and (2) the rezoned property would not be used for any new purpose.
 

 Id.
 

 at 620-21
 
 ,
 
 227 S.E.2d at 583-84
 
 (holding that the rezoning did not "for the first time, authorize multi-family dwellings in the area;
 
 it merely increased the permissible types and units of dwellings
 
 ") (emphasis added). The Court concluded that "the impact of the rezoning ordinance on any of the plaintiffs was minimal[,]" that the plaintiffs were not directly or adversely impacted by the rezoning, and therefore the plaintiffs did not have standing to challenge the zoning decision.
 

 Id.
 

 at 620-21
 
 ,
 
 227 S.E.2d at 583-84
 
 .
 

 In
 
 Morgan
 
 , this Court reviewed whether the City of Wilson had standing to challenge a rezoning decision by the Nash County Board of County Commissioners.
 
 224 N.C. App. at 62-63
 
 ,
 
 735 S.E.2d at 617-18
 
 . Following the test for standing established by the United States Supreme Court in
 
 Lujan v. Defenders of Wildlife
 
 ,
 
 504 U.S. 555
 
 , 560-61,
 
 112 S.Ct. 2130
 
 , 2136-37,
 
 119 L.Ed. 2d 351
 
 , 364 (1992), we considered whether the City of Wilson demonstrated:
 

 (1) "injury in fact"-an invasion of a legally protected interest that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the challenged action of the defendant; and (3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision.
 

 Morgan
 
 ,
 
 224 N.C. App. at 65
 
 ,
 
 735 S.E.2d at 619
 
 (quoting
 
 Neuse River Found., Inc. v. Smithfield Foods, Inc.
 
 ,
 
 155 N.C. App. 110
 
 , 114,
 
 574 S.E.2d 48
 
 , 52 (2002) ). We held that the city failed to show that "the alleged injury w[ould] be redressed by a favorable decision[,]" and that the injury was "actual or imminent."
 

 Id.
 

 at 66
 
 ,
 
 735 S.E.2d at 620
 
 (internal quotation marks and citation omitted). The
 
 Morgan
 
 decision explained that the city did not have standing even under the
 
 Taylor
 
 test, because "the contested zoning amendment does not 'directly' affect the City as required by
 
 Taylor
 
 [.]"
 
 Id.
 
 at 67,
 
 735 S.E.2d at 620
 
 .
 

 It is undisputed that Plaintiffs' land borders the Property subject to the rezoning, a factor considered in both
 
 Taylor
 
 and
 
 Morgan
 
 .
 
 Morgan
 
 ,
 
 224 N.C. App. at 67-68
 
 ,
 
 735 S.E.2d at 621
 
 ("The
 
 Taylor
 
 Court considered the fact that the plaintiff's property that was nearest to the rezoned
 
 *172
 
 property was located one-half mile from the rezoned property ... [and] [h]ere, the City's property [was] located three and a half miles from the rezoned property and thus [was] too remote to support the City's claim of standing to challenge the zoning amendment." (citations omitted)). However, despite the close proximity of their land to the Property rezoned in this case, Plaintiffs have failed to allege an actionable injury.
 

 Taylor
 
 and
 
 Morgan
 
 impose upon Plaintiffs the burden of establishing that the challenged rezoning directly and adversely affects them,
 
 Taylor
 
 ,
 
 290 N.C. at 621
 
 ,
 
 227 S.E.2d at 584
 
 , or results in an actual or imminent, concrete and particularized injury,
 
 Morgan
 
 ,
 
 224 N.C. App. at 65
 
 ,
 
 735 S.E.2d at 619
 
 . Plaintiffs' second amended complaint alleges the following injuries: "increase in traffic,
 
 *14
 
 noise and light pollution[,]" making "trespassing ... more difficult to control[,]" and "the virtual certainty of complaints about odors, dust, feathers and allergic reactions thereto, arising from the Ring Family's poultry operation[.]" Plaintiffs assert that the rezoning of the Property from RA-40 and RA-20, specifically the increased density allowed by the rezoning, will result in these injuries. However, the permitted uses of the Property are unchanged by the rezoning. While it is not required that a rezoning ordinance change the permitted uses of the affected property to establish standing, it is a factor.
 
 See
 

 Taylor
 
 ,
 
 290 N.C. at 621
 
 ,
 
 227 S.E.2d at 583-84
 
 (weighing the fact that the zoning ordinance did not alter the types of permissible units and dwellings on the subject property against the plaintiffs' assertion for standing). Plaintiffs do not allege any concrete injury or direct consequence beyond conjecture of possible interference with their enjoyment of their property. We therefore hold that Plaintiffs have failed to alleged sufficient injuries required to establish standing.
 
 See
 

 Morgan
 
 ,
 
 224 N.C. App. at 65
 
 ,
 
 735 S.E.2d at 619
 
 .
 

 Plaintiffs contend, citing this Court's decision in
 
 Thrash Limited Partnership v. County of Buncombe
 
 ,
 
 195 N.C. App. 727
 
 ,
 
 673 S.E.2d 689
 
 (2009), that a party challenging the validity of a rezoning action under the Declaratory Judgment Act need not allege a direct injury to establish standing. In
 
 Thrash
 
 , this Court noted that "to require a plaintiff to demonstrate a direct injury in order to challenge a zoning regulation would allow counties to make zoning decisions without complying with the statutory requirements of Article 18 Chapter 153A of the General Statutes."
 

 Id.
 

 at 731
 
 ,
 
 673 S.E.2d at 692
 
 .
 
 Thrash
 
 , however, is inapposite to this case. There, the "plaintiff's use of its land was limited by the zoning regulations."
 

 Id.
 

 at 731
 
 ,
 
 673 S.E.2d at 692
 
 . By contrast, in this case Plaintiffs have not alleged that the zoning ordinance directly limits the use of their land.
 

 *173
 
 In sum, because Plaintiffs have failed to allege an actual or imminent injury to their property resulting from the challenged rezoning decision, they have failed to establish standing to challenge the decision in court.
 

 Conclusion
 

 For the foregoing reasons, we affirm the trial court's dismissal of Plaintiffs' claims for lack of standing.
 

 AFFIRMED.
 

 Judges ELMORE and BERGER concur.