THE COVENTRY WOODS NEIGHBORHOOD ASSOCIATION, INC., A NORTH CAROLINA NON-PROFIT CORPORATION, JOHN F. BORDSEN AND WIFE, PATRICIA BRESINA, MARTHA L. McAULAY, AND JOAN E. PROVOST, EVA COLE MATTHEWS, CHRIS JOHNSON AND WIFE, SHANNON JONES, REBECCA S. GARDNER, JOHN WHITE, RONALD MATTHEWS AND WIFE, EVELYN MATTHEWS AND SHIRLEY JONES, AND THOMAS R. MYERS, PLAINTIFFS v. CITY OF CHARLOTTE, NORTH CAROLINA, A MUNICIPAL CORPORATION, CHARLOTTE-MECKLENBURG PLANNING COMMISSION, AN AGENCY OF THE CITY OF CHARLOTTE, AND INDEPENDENCE CAPITAL REALTY, LLC, A NORTH CAROLINA LIMITED LIABILITY CORPORATION, DEFENDANTS

No. COA09-611

(Filed 2 February 2010)

**1. Statutes of Limitation and Repose— subdivision ordinance—summary judgment**

The trial court erred by granting summary judgment in favor of defendants in a case challenging a subdivision ordinance on the ground that plaintiffs' claims were barred by the statute of limitations.

**2. Constitutional Law— procedural due process—notice— aggrieved parties**

In the absence of a constitutionally protected property interest, plaintiffs have not established that their procedural due process rights have been violated as a result of the fact that a subdivision ordinance for adjoining tracts of property did not provide for notice to aggrieved parties of decisions by a planning staff to approve preliminary plans for proposed subdivisions.

Appeal by Plaintiffs from order entered 6 August 2008 by Judge Richard D. Boner in Mecklenburg County Superior Court. Heard in the Court of Appeals 7 October 2009.

*Davies and Grist, LLP, by Kenneth T. Davies, for plaintiff-appellants.*

*Robert E. Hagemann, for defendant-appellees City of Charlotte and Charlotte-Mecklenburg Planning Commission.*

*Robinson, Bradshaw, & Hinson, P.A., by Richard A. Vinroot and Richard C. Worf, Jr., for defendant-appellee Independence Capital Realty, LLC.*

ERVIN, Judge.

## I. Factual Background

The individual Plaintiffs either own property located in or reside within the Coventry Woods or Cedars East subdivisions, both of which are located in Charlotte. Coventry Woods and Cedars East abut an approximately 16-acre tract of land owned by Independence Capital Realty, LLC.

On 10 July 2003, Independence Capital sought to have the 16-acre tract rezoned from R-4 to R-12MF. Plaintiff Coventry Woods Neighborhood Association (CWNA) opposed the proposed rezoning on behalf of the residents of Coventry Woods and Cedars East. On 23 August 2004, after conducting a public hearing, the Charlotte City Council denied Independence Capital's rezoning request.

On 14 February 2005, Independence Capital sought preliminary approval of a subdivision plan for a development to be located on the 16-acre tract known as "Independence Woods." The proposed subdivision plan included a request for a "density bonus" that allowed up to seventy-two single-family homes in the proposed subdivision as opposed to the fifty-eight residences typically allowed in areas zoned R-4. Plaintiffs were not notified of the submission of the proposed subdivision plan for Independence Woods to the Planning Commission.

The planning staff of the Planning Commission preliminarily approved the Independence Woods subdivision plan on 13 December 2006. Plaintiffs did not receive notice that the Independence Woods subdivision plan had been approved at that time. Under the relevant provisions of the Subdivision Ordinance, only the developer receives

notice of planning staff decisions concerning preliminary plan approvals. On 5 January 2007, notice of the preliminary approval of the Independence Woods subdivision plan was posted on the Planning Commission website.

Representatives of Plaintiffs actually learned that a subdivision plan for the Independence Woods subdivision had been approved in July 2007. On 7 August 2007, CWNA's president, John F. Bordsen, and others met with the planning staff, at which point they learned that the ten-day window within which aggrieved parties could appeal the planning staff's decision had expired.

Plaintiffs challenged the Zoning Administrator's opinion that no pre-approval hearing was required for the Independence Woods subdivision before the Zoning Board of Adjustment on 28 September 2007. After a hearing held before the Zoning Board of Adjustment on 29 January 2008, Plaintiffs' challenge to the Zoning Administrator's opinion was rejected.

A number of the individual Plaintiffs and CWNA attempted to appeal the preliminary plan approval to the Planning Commission on 15 February 2008. The Planning Commission declined to accept or process this appeal on timeliness grounds on 21 February 2008.

On 18 February 2008, Plaintiffs obtained the issuance of an order extending the time within which they were entitled to file a complaint against Defendants until 10 March 2008 and the issuance of summonses directed to the City of Charlotte, the Planning Commission, and Independence Capital. On 10 March 2008, Plaintiffs filed a complaint against the City of Charlotte, the Planning Commission, and Independence Capital in which they alleged that the approval of the preliminary plan for Independence Woods violated their substantive and procedural due process rights and that the enactment of the Subdivision Ordinance exceeded the authority delegated to the City of Charlotte pursuant to N.C. Gen. Stat. § 160A-371 et seq. Based upon those allegations, Plaintiffs requested a declaration that Charlotte's Subdivision Ordinance "was unlawful, both facially and as applied;" that "the Independence Woods preliminary plan approval is invalid;" and that Independence Capital be preliminarily enjoined from engaging in further construction activities in Independence Woods. On 31 March 2008, Plaintiffs filed an amended complaint.

On 8 April 2008, the City of Charlotte and the Planning Commission filed an answer in which they denied the material allegations of Plaintiffs' complaint and asserted a number of affirmative

defenses. On the same date, Independence Capital filed an Answer and Counterclaim in which it denied the material allegations of Plaintiffs' complaint, raised numerous affirmative defenses, and asserted a counterclaim for abuse of process. On 15 April 2008, Judge James W. Morgan entered an Order Denying Motion for Temporary Restraining Order and Scheduling [Hearing]. On 17 April 2008, Judge Karl Adkins entered an Order Denying Plaintiffs' Motion for Preliminary Injunction. On 9 June 2008, Plaintiffs filed a reply to Independence Capital's counterclaim.

On 11 July 2008, Independence Capital and the City and the Planning Commission filed motions seeking the entry of summary judgment in their favor. Defendants' summary judgment motions came on for hearing before the trial court at the 21 July 2008 civil session of the Mecklenburg County Superior Court. On 6 August 2008, the trial court entered an Order Granting Summary Judgment. Based upon the materials presented for its consideration, the trial court concluded that the record revealed the existence of the following undisputed facts:

1. On December 13, 2006, staff for [the City] granted preliminary subdivision plan approval for [Independence Capital's] development of [Independence Woods,] which is adjacent to the Coventry Woods neighborhood in Charlotte, represented by [CWNA]. Several of the individual plaintiffs live in the Coventry Woods neighborhood.

2. The staff approved Independence Capital's plans for Independence Woods pursuant to the City's Subdivision Ordinance. Under the terms of that Ordinance, appeals of decisions concerning plan approval must be filed within ten days of such decisions. The Ordinance did not require that the City give notice to CWNA or the individual plaintiffs of such decisions. However, it appears that the plaintiffs became aware of the approval of the plans on or about July 1 or 2, 2007.

3. The plan approval for Independence Woods permitted Independence Capital to develop that property in accordance with the provisions of the City's Zoning Ordinance.

4. Prior to filing this action the plaintiffs first filed a petition with the Charlotte Zoning Board of Adjustment on September 28, 2007 challenging such plan approval (more than nine months after the plans were approved and more than two months after plaintiffs became aware of the approval), which was denied.

Subsequently they also filed an appeal to [the Planning Commission] on February 15, 2008 (14 months after the plans were approved and more than seven months after plaintiffs became aware of the approval), which appeal was also denied.

5. The plaintiffs initiated this action when they filed a Summons Without Complaint on February 18, 2008, followed by a Complaint on March 16, 2008. The plaintiffs also have contested the approval of the subdivision plans in two other civil actions filed in the Superior Court of Mecklenburg County (see Civil Actions Nos. 08 CVS 7582 and 9821).

6. In this action the plaintiffs contend that the failure of the City's Subdivision Ordinance to require that they be given notice of the December 13, 2006 plan approval for Independence Woods rendered that Ordinance unconstitutional by denying their "due process rights."

. . . .

9. In his April 22, 2008 deposition CWNA's president, John Bordsen, admitted that only 80% of CWNA's members actually lived in the Coventry Woods neighborhood, represented by CWNA.

Based upon these undisputed facts, the trial court made the following conclusions of law:

10. There was no requirement in the City's Subdivision Ordinance or in the laws of the State of North Carolina requiring that the plaintiffs be given notice of the City's December 13, 2006 approval of the Independence Woods Subdivision plans in behalf of Independence Capital. *See Nazziola v. Landcraft Properties, Inc.*, 143 N.C. 564 (2001) and N.C. Gen. Stat. § 160A-373. The City was within its discretion to adopt the Ordinance without requiring such notice. The plaintiffs have not shown that the adoption of the Ordinance by the Charlotte City Council was an abuse of discretion or an arbitrary or unreasonable act. *See Suddeth v. Charlotte*, 223 N.C. 630 (1943), *In re Appeal of Parker*, 214 N.C. 55 (1938), *Schloss v. Jamison*, 262 N.C. 108 (1964) and 83 Am. Jur. 2d *Zoning and Planning*, § 42.

11. There was no constitutional requirement that the City give notice to the plaintiffs of the December 13, 2006 approval of

the Independence Woods subdivision plans. The City's failure to give notice to the plaintiffs did not violate any of the plaintiffs' rights under the Constitution of the United States or the Constitution of the State of North Carolina.

12. The plaintiffs' filing of this action more than 14 months after the Planning Commission's December 13, 2006 plan approval, rather than within 10 days of such approval, as required by the City's Subdivision Ordinance, was too late.

13. N.C. Gen. Stat. § 1-54.1 and 160A-364.1 require that actions contesting the provisions of Zoning and Subdivision Ordinances, adopted by cities, be filed within two (2) months of their adoption. In this litigation the plaintiffs are essentially challenging the provisions of the City's Zoning and Subdivision Ordinances. The plaintiffs did not file this action within two months after the adoption of the ordinances. Thus the plaintiffs' claims regarding the provisions of the ordinances are also time-barred.

14. By their failure to timely appeal the December 13, 2006 plan approval as required by the City's Subdivision Ordinance, the plaintiffs failed to exhaust their administrative remedies and thus lack standing to file the claims set forth in this action.

15. Because CWNA has admitted that only 80% of its members actually reside in the Coventry Woods neighborhood that it purports to represent, CWNA lacks standing in this action. *Northwest Concord Citizens, Inc. v. City of Hickory*, 143 N.C. App. 272, 277 (2001).

16. With regard to the individual plaintiffs' claims that they are "aggrieved parties" entitled to prosecute their claims, notwithstanding CWNA's lack of standing, the Court expresses no opinion. However, assuming *arguendo* that plaintiffs are "aggrieved parties", the plaintiffs were required to appeal the Planning Commission's December 13, 2006 plan approval within 10 days of the approval and having failed to do so, they lack standing to proceed. *See Allen v. Buncombe County Board of Adjustment*, 100 N.C. App. 615 (1990), and *Town and Count[r]y Civic Org. v. Winston-Salem Bd. of Adjustment*, 83 N.C. App. 516 (1986).

After deferring ruling upon the City's contention that Plaintiffs were guilty of laches "unless and until further proceedings may be required

**COVENTRY WOODS NEIGHBORHOOD ASS'N, INC. v. CITY OF CHARLOTTE**

[202 N.C. App. 247 (2010)]

herein" and upon Independence Capital's request for sanctions against Plaintiffs pursuant to N.C. Gen. Stat. § 1A-1, Rule 11 "until a later time," the trial court granted Defendants' summary judgment motions.

On 13 February 2009, Independence Capital voluntarily dismissed the abuse of process counterclaim it had asserted against Plaintiffs. On the same day, Plaintiff noted an appeal to this Court from the trial court's summary judgment order.

## II. Legal Analysis

On appeal, Plaintiffs argue that they are "aggrieved parties" entitled to challenge approval of the preliminary plan for Independence Woods, that they have a constitutionally-protected property right "in the use and enjoyment of their properties and from the diminution in value of their properties" that has been adversely affected by the approval of the preliminary plan for Independence Woods, that the procedures set out in Charlotte's Subdivision Ordinance relating preliminary plan approval did not adequately protect their due process right to notice and an opportunity to be heard with respect to the issue of subdivision plan approval, and that their action was not barred by N.C. Gen. Stat. § 1-54.1 or N.C. Gen. Stat. § 160A-364.1. After careful consideration of Plaintiffs' arguments, we conclude that the trial court did not err by granting Defendants' summary judgment motions.

### A. Standard of Review

"We review a trial court's order for summary judgment *de novo* to determine whether there is a 'genuine issue of material fact' and whether either party is 'entitled to judgment as a matter of law.' " *Robins v. Town of Hillsborough,* 361 N.C. 193, 196, 639 S.E.2d 421 (2007) (quoting *Summey v. Barker,* 357 N.C. 492, 496, 586 S.E.2d 247, 249 (2003) (citing N.C.G.S. § 1A-1, Rule 56(c)). In ruling on a summary judgment motion, the trial court is required to consider " 'the pleadings, depositions, answers to interrogatories, and admissions on file[.]' " *Forbis v. Neal,* 361 N.C. 519, 523-24, 649 S.E.2d 382, 385 (2007) (quoting N.C. Gen. Stat. § 1A-1, Rule 56(c)). "The trial court may not resolve issues of fact and must deny the motion if there is a genuine issue as to any material fact." *Id.* However, given that no party has claimed that the record reveals the presence of any disputed issue of material fact, the ultimate issue that we must decide in order to address the issues raised by Plaintiffs' appeal is whether the trial court correctly concluded that Defendants were entitled to judgment as a matter of law.

## B. Statute of Limitations

[1] Prior to addressing the merits of Plaintiffs' claim, we must first address the issue of whether the trial court correctly concluded that their challenge to the constitutionality of the Subdivision Ordinance was time-barred by N.C. Gen. Stat. § 1-54.1 or N.C. Gen. Stat. § 160A-364.1. According to N.C. Gen. Stat. § 1-54.1, "an action contesting the validity of any zoning ordinance, or amendment thereto adopted . . . by a city under Chapter 160A of the General Statutes" shall be brought within two months. Similarly, N.C. Gen. Stat. § 160A-364.1 provides that "[a] cause of action as to the validity of any zoning ordinance, or amendment thereto, adopted under this Article or other applicable law shall accrue upon adoption of the ordinance, or amendment thereto, and shall be brought within two months as provided in [N.C. Gen. Stat. §] 1-54.1." As a result of the fact that Plaintiffs filed the present action more than two months after the adoption of the provisions of the Subdivision Ordinance which they seek to contest, the trial court held that Plaintiffs' claims were time-barred pursuant to N.C. Gen. Stat. § 1-54.1 and N.C. Gen. Stat. § 160A-364.1. We disagree.

The particular local ordinance provisions that Plaintiffs have attempted to challenge in this case were included in the City's subdivision, rather than its zoning, ordinance. "Although this Court has recognized that the legal principles involved in review of zoning applications are similar and relevant to review of the denial of subdivision applications, we have also stated that 'zoning statutes do not limit how a subdivision applicant may seek judicial review.' " *Meares v. Town of Beaufort,* —— N.C. App. ——, ——, 667 S.E.2d 239, 244 (2008) (quoting *Hemphill-Nolan v. Town of Weddington,* 153 N.C. App. 144, 147, 568 S.E.2d 887, 889 (2002)). The regulation of subdivisions and zoning are addressed in separate provisions of Chapter 160A of the General Statutes. *Town of Nags Head v. Tillett,* 314 N.C. 627, 630, 336 S.E.2d 394, 397 (1985). As a result, the limitations period relating to challenges to "zoning ordinances" set out in N.C. Gen. Stat. § 1-54.1 and N.C. Gen. Stat. § 160A-364.1 simply does not apply to challenges to the constitutionality of subdivision ordinance provisions of the type at issue here. *Hemphill-Nolan,* 153 N.C. App. at 146-49, 568 S.E.2d at 889-90 (holding that the 30-day limitation prescribed in N.C. Gen. Stat. § 160A-388(e) "does not apply to judicial review of decisions of boards of adjustment based on" the authority of municipalities to adopt subdivision ordinances).

**COVENTRY WOODS NEIGHBORHOOD ASS'N, INC. v. CITY OF CHARLOTTE**

[202 N.C. App. 247 (2010)]

Independence Capital also argues that, if Plaintiffs' claims are not time-barred under N.C. Gen. Stat. § 1-54.1 and N.C. Gen. Stat. § 160A-364.1 and if Plaintiffs are correct in contending that the applicable statute of limitations is the three-year statute of limitations set out in N.C. Gen. Stat. § 1-52(5), then Plaintiffs' claims are still time-barred. In advancing this assertion, Independence Capital relies upon the logic of *National Advertising Co. v. City of Raleigh*, 947 F.2d 1158 (4th Cir. 1991), and *Capitol Outdoor Advertising, Inc. v. City of Raleigh*, 337 N.C. 150, 446 S.E.2d 289 (1994), which held, in the context of a challenge to a "billboard moratorium" ordinance, that the challengers' claim accrued at the time of the enactment of the disputed ordinance, an event which had occurred some five years previously. However, the Supreme Court seems to have reached this result because the "billboard moratorium" ordinance was part of Raleigh's zoning ordinance and because N.C. Gen. Stat. § 160A-364.1 provides that challenges to municipal zoning ordinances accrue as of the date that the challenged ordinance was enacted or became effective. *Capitol Outdoor Advertising*, 337 N.C. at 163, 446 S.E.2d at 297. In addition, the Supreme Court's opinion in *Capitol Outdoor Advertising* makes it abundantly clear that the challengers were fully aware of the enactment of the "billboard moratorium" ordinance and strongly suggests that they waited until the last possible minute before challenging the ordinance in order to take advantage of its amortization process. *Capital Outdoor Advertising*, 337 N.C. at 164, 446 S.E.2d at 298. This case, on the other hand, involves a challenge to a subdivision ordinance rather than a zoning ordinance. In addition, the Plaintiffs filed suit within three years of the date upon which they learned of the approval of the subdivision plan for Independence Woods. *Allen v. City of Burlington Board of Adjustment*, 100 N.C. App. 615, 618-19, 397 S.E.2d 657, 660 (1990). As a result, we are unable to conclude that the trial court correctly granted summary judgment in favor of Defendants on the grounds that Plaintiffs' claims were barred by the applicable statute of limitations and proceed to consider Plaintiffs' procedural due process claims on the merits.

### C. Procedural Due Process

**[2]** Pursuant to § 20-88(a) of the Charlotte City Code, "[a] notice of appeal . . . must be filed with the planning director within ten days of the day a subdivision preliminary plan approval is issued . . . ." A "[f]ailure to timely file such notice and fee will constitute a waiver of any rights to appeal under this section." § 20-88(a). As a result of the fact that Plaintiffs did not appeal the planning staff's decision to grant

preliminary approval of a subdivision plan for Independence Woods within ten days, they lost whatever right they may have had to contest the planning staff's decision under the Subdivision Ordinance. For that reason, their principal substantive argument on appeal is that the Subdivision Ordinance, which "wholly fails to afford aggrieved persons any notice of staff decisions, whereby such person could avail him or herself of such [appeal] rights," results in a "fundamental denial of due process" as guaranteed by the Fourteenth Amendment to the United States Constitution and Article I, Section 19 of the North Carolina Constitution.

"The threshold question in any due process claim is whether 'a constitutionally protected property interest exists.'" *Reese v. Charlotte-Mecklenburg Bd. of Educ. & Mecklenburg,* —— N.C. App. ——, ——, 676 S.E.2d 481, 492 (2009) (citing *McDonald's Corp. v. Dwyer,* 338 N.C. 445, 447, 450 S.E.2d 888, 890 (1994)).

> Invocation of constitutional protection against takings without just compensation or without due process requires a property interest on the part of the person seeking such protection. Where there is no property interest, there is no entitlement to constitutional protection. To have a property interest that is subject to [constitutional] protection, the individual must be entitled to a benefit created and defined by a source independent of the Constitution, such as state law. *Huang v. Board of Governors of University of North Carolina,* 902 F.2d 1134 (4th Cir. 1990).

*State ex rel. Utilities Comm'n v. Carolina Utility Customers Ass'n,* 336 N.C. 657, 678, 446 S.E.2d 332, 344 (1994). Although Plaintiffs contend that they "have a constitutionally protected property interest[] in the use and enjoyment of their properties and from the diminution in value of their properties," they have not cited any authority in support of the proposition that they are entitled to constitutional protection against changes in the treatment of adjoining tracts of property under properly-adopted zoning or subdivision ordinances.

Admittedly, Plaintiffs have cited a number of decisions of the United States Supreme Court and the Supreme Court of North Carolina in support of their contention that they are entitled to challenge the Subdivision Ordinance on due process grounds. However, none of the decisions upon which the Plaintiffs appear to base their claim to the existence of a constitutionally-protected property interest establish that they have the required property interest. For exam-

ple, the decision in *Mennonite Board of Missions v. Adams*, 462 U.S. 791, 77 L. Ed. 2d 180 (1983), sheds no significant light on the "property interest" issue, because the constitutionally-protected nature of a mortgagee's interest in mortgaged property bears no resemblance to the property interest claimed by Plaintiffs in this case. Despite the fact that Plaintiffs included an extensive discussion of the Supreme Court of North Carolina's decision in *Mangum v. Raleigh Board of Adjustment*, 362 N.C. 640, 669 S.E.2d 279 (2008), in their brief, that decision is simply not relevant to the "property interest" issue since it addresses the circumstances under which an adjoining property owner is "aggrieved" for purposes of statutory and ordinance provisions allowing challenges to local land use decisions rather than the completely separate issue of whether neighboring landowners have a constitutionally-protected property interest in the way that adjoining tracts of property are treated under local land use ordinances. Although the Supreme Court of North Carolina's decision in *Bowie v. Town of West Jefferson*, 231 N.C. 408, 57 S.E.2d 369 (1950), does address procedural due process issues, it sheds little light on the proper disposition of the present case given that the tax statute at issue there clearly impacted the private property rights of the affected taxpayers by subjecting them to taxation on the value of their property without notice or any right to a hearing on the valuation issue. As a result, none of the decisions upon which Plaintiffs rely support their assertion that a change in the treatment of an adjoining tract of property under local land use ordinances that affects the use and enjoyment of their property implicates a constitutionally-protected property interest.

Although we have not found any authority in this jurisdiction that directly addresses the issue raised by Plaintiffs' claim, we believe that the relevant decisions of the United States Supreme Court and the Supreme Court of North Carolina clearly indicate that Plaintiffs do not have a constitutionally-protected property interest in the treatment afforded the 16-acre tract under the Subdivision Ordinance.

Certain attributes of "property" interests protected by procedural due process emerge from these decisions. To have a property interest in a benefit, a person clearly must have more than an abstract need or desire for it. He must have more than a unilateral expectation of it. He must, instead, have a legitimate claim of entitlement to it. It is a purpose of the ancient institution of property to protect those claims upon which people rely in their daily lives, reliance that must not be arbitrarily undermined. It is a pur-

pose of the constitutional right to a hearing to provide an opportunity for a person to vindicate those claims.

*Board of Regents v. Roth*, 408 U.S. 564, 577, 33 L. Ed. 2d 548, 561 (1972). In other words, as the Supreme Court of North Carolina has said:

> A vested right, entitled to protection from legislation, must be something more than a *mere expectation* based upon an anticipated continuance of the existing law; *it must have become a title*, legal or equitable, *to the present or future enjoyment of property, a demand, or legal exemption for a demand by another.*

*Armstrong v. Armstrong*, 322 N.C. 396, 402, 368 S.E.2d 595, 598 (1988) (emphasis in original) (quoting *Godfrey v. State*, 84 Wash. 2d 959, 963, 530 P.2d 630, 632 (1975)). For this reason, "[t]here is no such thing as a vested right in the continuation of an existing law." *Armstrong*, 322 N.C. at 401, 368 S.E.2d at 598 (citing *Spencer v. McDowell Motor Co.*, 236 N.C. 239, 72 S.E.2d 598 (1952); *Wood v. J.P. Stevens & Co.*, 297 N.C. 636, 256 S.E.2d 692 (1979); *Byrd v. Johnson*, 220 N.C. 184, 16 S.E.2d 843 (1941). In light of this logic, the Supreme Court of North Carolina declined to hold that natural gas customers had a property interest in interstate pipeline refunds despite the fact that such refunds had generally been returned to customers in the past because "past history is not determinative of the nature or existence of the customers' interest in the refunds" and, "[u]ntil the Commission makes a decision to remit these supplier refunds to . . . customers, the interest of these customers in the refunds is nothing more than a mere expectation of receiving them." *Carolina Utility Customers Ass'n*, 336 N.C. at 679, 446 S.E.2d at 345. Thus, if all that Plaintiffs have is an expectation that existing land use rules will continue unchanged, they do not have a constitutionally-protected property interest sufficient to support a due process claim.

A careful examination of Plaintiffs' attempt to establish the existence of a constitutionally-protected property interest demonstrates that they are essentially relying on a belief that they are entitled to freedom from the inconvenience that they believe would result in the event that Independence Capital was allowed to develop Independence Woods consistently with the approved preliminary plan. At bottom, Plaintiffs have asserted nothing more than a reliance on the continued existence of the existing legal situation coupled with a mere expectation that no change to which residents and prop-

erty owners in Coventry Woods and Cedars East object would be made in the use of the 16-acre tract of property. Such expectations are simply not, in light of basic principles of federal and state law, sufficient to establish the existence of a constitutionally-protected property interest of the type needed to support Plaintiffs' due process challenge to the Subdivision Ordinance. Thus, the trial court correctly granted summary judgment in favor of Defendants with respect to Plaintiffs' procedural due process claim.[1]

### III. Conclusion

As a result, we conclude that, given the absence of a constitutionally-protected property interest, Plaintiffs have not established that their procedural due process rights have been violated as a result of the fact that the Subdivision Ordinance does not provide for notice to aggrieved parties of decisions by the planning staff to approve preliminary plans for proposed subdivisions. For that reason, the trial court's order should be, and hereby is, affirmed.

AFFIRMED.

Chief Judge MARTIN and Judge McGEE concur.

---

1. The parties spent considerable time debating the impact of two decisions of this Court in their briefs. However, we do not find either of those decisions determinative. *Nazziola v. Landcraft Properties, Inc.*, 143 N.C. App. 564, 545 S.E.2d 801 (2001), did not involve a procedural due process claim. Although *Town & Country Civic Organization v. Winston-Salem Zoning Board of Adjustment*, 83 N.C. App. 516, 518-19, 350 S.E.2d 893, 894-95 (1986), does address procedural due process issues, at least in *dicta*, it does not discuss the extent to which the organization and individuals objecting to the radio towers at issue in that proceeding had a constitutionally-protected property interest sufficient to support a procedural due process claim.