IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA17-318

Filed: 20 March 2018

Mecklenburg County, No. 16-CVS-1265

WILLIAM M. BYRON and DANA T. BYRON, Plaintiffs,

v.

SYNCO PROPERTIES, INC., a North Carolina corporation, and CITY OF CHARLOTTE, a North Carolina body politic and corporate, Defendants.

Appeal by Plaintiffs from Order entered 23 November 2016 by Judge Yvonne Mims-Evans in Mecklenburg County Superior Court. Heard in the Court of Appeals 5 September 2017.

> *Scarbrough & Scarbrough, PLLC, by Madeline J. Trilling, and The Law Office of Kenneth T. Davies, P.C., by Kenneth T. Davies, for Plaintiffs.*
>
> *K&L Gates LLP, by Roy H. Michaux, Jr., for Defendant SYNCO Properties, Inc.*
>
> *Office of the Charlotte City Attorney, by Assistant City Attorney Thomas E. Powers, III, and Senior Assistant City Attorney Terrie Hagler-Gray, for Defendant City of Charlotte.*

INMAN, Judge.

Landowners whose property is not directly and adversely affected by a zoning statute do not have standing to bring a declaratory judgment action to challenge the constitutionality of the statute or a municipality's interpretation of the statute.

Plaintiffs William M. Byron and Dana T. Byron ("Plaintiffs"), husband and wife, appeal from a summary judgment order dismissing their declaratory judgment

action against defendant SYNCO Properties, Inc. ("SYNCO") and the City of Charlotte (the "City," collectively "Defendants") challenging the rezoning of real property in Charlotte, North Carolina. Plaintiffs contend that, because their complaint alleged facial constitutional challenges to a statute and session laws, the trial court was required to transfer those claims to a three-judge panel in Wake County pursuant to N.C. Gen. Stat. §§ 1-81.1, 1-267.1, and 1A-1, Rule 42(b)(4) (2015). Plaintiffs further challenge the trial court's dismissal of their claims challenging N.C. Gen. Stat. § 160A-385 (2015) and Session Law 2015-160 as moot, as well as its determination that the prior version of N.C. Gen. Stat. § 160A-385 (2013) did not apply to the rezoning based on its interpretation of that session law. Defendants contend that Plaintiffs lacked standing to bring their suit. After careful review, we agree with Defendants that Plaintiffs lacked standing to assert the claims they seek to revive on appeal. As a result, we affirm the order of the trial court.

## I. FACTUAL AND PROCEDURAL HISTORY

In late 2014, SYNCO filed an application with the City to rezone a tract located in the SouthPark area of Charlotte. On 11 March 2015, several local property owners (the "Petitioners") filed a protest petition (the "Protest Petition") with the City opposing the proposed rezoning pursuant to N.C. Gen. Stat. § 160A-385 (2013) (the "Protest Petition Statute"). Plaintiffs were not among the Petitioners that filed the Protest Petition.

In July 2015, the North Carolina General Assembly passed Session Law 2015-160, which replaced the protest petition procedure in the Protest Petition Statute with a "Citizen Comment" procedure. 2015 N.C. Sess. Laws ch. 160, § 1 (2015) (codified as amended at N.C. Gen. Stat. § 160A-385 (2017)). Per the session law, the amended procedure "bec[ame] effective August 1, 2015, and applies to zoning ordinance changes initiated on or after that date." *Id.*, § 6.

On 24 September 2015, SYNCO withdrew its initial rezoning application. SYNCO filed a new rezoning application the following day. The new application sought approval for the same uses as those proposed in the initial rezoning application, along with revised building sizes and transportation improvements.

On 19 January 2016, the Charlotte City Council voted unanimously to approve the second rezoning application. The City and SYNCO treated the second application as one not subject to the Protest Petition Statute. Nothing in the record indicates that the Petitioners sought injunctive or other relief requiring the City to recognize the applicability of the Protest Petition to the second rezoning application or to follow the procedures set forth in the Protest Petition Statute. Rather, one of the Petitioners stated in an affidavit that "a change in the state law had invalidated the Protest Petition" and declined to take action to revive the Petition or require its application.

On 25 January 2016, Plaintiffs filed a declaratory judgment action seeking to invalidate the City Council's approval of the rezoning application. After two

amendments to the original complaint and the voluntary dismissal of one claim, Plaintiffs' final amended complaint alleged that: (1) Defendants violated N.C. Gen. Stat. § 160A-364 (2015);[1] (2) Defendants made certain misrepresentations and omissions in the rezoning process; (3) Defendants violated the Protest Petition Statute, which they were required to follow per Plaintiffs' interpretation of Session Law 2015-160; (4) the City's actions were *ultra vires*; (5) Session Law 2000-84 was unconstitutional;[2] (6) the City's actions violated Plaintiffs' due process rights; (7) N.C. Gen. Stat. § 160A-383 (2015), which employs the citizen comment procedures rather than protest petition procedures, unconstitutionally deprives the judiciary of judicial power**;** and (8) N.C. Gen. Stat. § 160A-383 (2015) and Session Law 2015-160's replacement of protest petition procedures with citizen comment procedures deprives Plaintiffs of their constitutional right to petition the government for the redress of grievances.[3]

The parties filed competing motions for summary judgment, and the trial court granted summary judgment against Plaintiffs on 23 November 2016. In the summary judgment order, the trial court held that Plaintiffs had standing to bring

---

[1] This statute establishes the procedures applicable to the adoption, amendment, or repeal of ordinances by cities and towns, and is unrelated to the issues raised on appeal. N.C. Gen. Stat. § 160A-364.

[2] This session law permitted the City to engage in conditional zoning. 2000 N.C. Sess. Laws ch. 84 (2000).

[3] These claims are identified in Plaintiffs' final amended complaint as their first, second, third, fourth, fifth, sixth, eighth, and ninth causes of action, respectively.

their claims, but nonetheless dismissed all claims against Defendants, including Plaintiffs' facial constitutional challenges. The Plaintiffs timely appealed.

## II. <u>ANALYSIS</u>

### A. *Standard of Review*

The standard of review on an appeal from summary judgment is *de novo*, and "such judgment is appropriate only when the record shows that there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law." *Atkinson v. City of Charlotte*, 235 N.C. App. 1, 3, 760 S.E.2d 395, 397 (2014) (internal citation and quotation marks omitted). Because standing is a question of law, it, too, is subject to *de novo* review by this Court. *Cherry v. Wiesner*, ___ N.C. App. ___, ___, 781 S.E.2d 871, 876 (2016).

### B. *The Standing Requirements Relevant to Plaintiffs' Appeal*

Resolution of this appeal requires distinguishing the different standing doctrines applicable to: (1) zoning ordinance challenges; (2) statutory construction and validity claims; and (3) constitutional challenges to zoning ordinances. "In passing on the validity of an annexation or zoning ordinance, one of the court's first concerns is whether the plaintiff has standing to bring the action." *Town of Ayden v. Town of Winterville*, 143 N.C. App. 136, 138, 544 S.E.2d 821, 823 (2001) (citation omitted). The question of standing "is a threshold issue that must be addressed, and found to exist, before the merits of the case are judicially resolved." *In re Baby Boy*,

238 N.C. App. 316, 321-22, 767 S.E.2d 628, 631 (2014) (citation and quotation marks omitted).

A rezoning ordinance may be challenged in a declaratory judgment action "only . . . by a person who has a specific personal and legal interest in the subject matter affected *by the zoning ordinance* and who is directly and adversely affected thereby." *Taylor v. City of Raleigh*, 290 N.C. 608, 620, 227 S.E.2d 576, 583 (1976) (emphasis added) (citations omitted). Standing to challenge a statute requires that the statute directly and adversely affect the plaintiff. *Wake Cares, Inc. v. Wake Cty. Bd. of Educ.*, 190 N.C. App. 1, 11, 660 S.E.2d 217, 223 (2008) ("A declaratory judgment may be used to determine the construction and validity of a statute, but the plaintiff must be directly and adversely affected *by the statute*[.]" (emphasis added) (internal citation and quotation marks omitted)). Finally, standing to challenge the constitutionality of a zoning ordinance or statute requires that the plaintiff demonstrate injury or immediate danger of injury to a constitutionally protected interest in the property subject to that ordinance or statute. *See, e.g., Coventry Woods Neighborhood Ass'n, Inc. v. City of Charlotte*, 202 N.C. App. 247, 257, 688 S.E.2d 538, 545 (2010) (holding that neighboring property owners could not challenge a rezoning decision on facial or as-applied constitutional and procedural due process grounds because "a change in the treatment of an adjoining tract of property under local land use ordinances that affects the use and enjoyment of [the plaintiffs'] property [does

not] implicate[] a constitutionally-protected property interest"); *Templeton v. Town of Boone*, 208 N.C. App. 50, 56, 701 S.E.2d 709, 713-14 (2010) (holding plaintiffs lacked standing to challenge a zoning ordinance on constitutional grounds where the ordinance was not enforced against plaintiffs' properties but only "*affected*" them (emphasis in original)).

The trial court's summary judgment order dismissed *all* of Plaintiffs' claims; however, Plaintiffs argue on appeal only that the trial court: (1) incorrectly concluded that the City was not required to apply the Protest Petition Statute to the rezoning due to its misinterpretation of the effective date of Session Law 2015-160; (2) wrongfully concluded their challenges to certain zoning statutes and session laws were moot; and (3) impermissibly dismissed their constitutional challenges to those zoning statutes and session laws. In effect, then, Plaintiffs seek to revive their declaratory judgment action only as to: (1) the interpretation of Session Law 2015-160 (and by extension the applicability of the Protest Petition Statute); and (2) the constitutionality of the zoning statutes and session laws governing the procedure employed by the City in rezoning.[4] In short, Plaintiffs' appeal challenges the interpretation and constitutionality of the statutes and session laws governing the City's rezoning decision, rather than the inherent validity of the rezoning decision itself. As a result, the question before this Court is not whether Plaintiffs had

---

[4] Plaintiffs confirmed at oral argument that their only claims on appeal related to their constitutional challenges and the interpretation of Session Law 2015-160.

standing to challenge the rezoning decision, as they sought to do in the claims not at issue on appeal,[5] but whether they had standing to seek a declaratory judgment determining the construction and constitutionality of the session laws and statutes governing that rezoning. *Compare Taylor*, 290 N.C. at 620, 227 S.E.2d at 583 ("[T]he validity of a municipal zoning ordinance . . . may be determined . . . under our Declaratory Judgment Act . . . by a person who has a specific personal and legal interest in the subject matter affected *by the zoning ordinance* and who is directly and adversely affected thereby." (emphasis added) (citations omitted)) *with Wake Cares, Inc.*, 190 N.C. App. at 11, 660 S.E.2d at 223 ("A declaratory judgment may be used to determine the construction and validity of a statute, but the plaintiff must be directly and adversely affected *by the statute*[.]" (emphasis added) (internal citations and quotation marks omitted)).

C.  *Plaintiffs Lack Standing to Challenge the City's Interpretation of Session Law 2015-160 and the Applicability of the Protest Petition Statute*

---

[5] For example, Plaintiffs challenged the rezoning on the grounds that the City's decision constituted an *ultra vires* action that was "not in accordance with . . . adopted land use plans[,]" as well as "arbitrary and without reasonable basis[.]"  This claim, in contrast to Plaintiffs' statutory construction and constitutional validity claims, would be subject to the standing analysis employed in a declaratory judgment action challenging a zoning decision as inherently unlawful. *See, e.g., Taylor* 290 N.C. at 620, 227 S.E.2d at 583 (holding that standing exists in a declaratory judgment action challenging a rezoning as contrary to the established land use plan and as arbitrary and capricious where "challenged by a person who has a specific personal and legal interest in the subject matter affected by the zoning ordinance and who is directly and adversely affected thereby" (citations omitted)); *cf. Templeton*, 208 N.C. App. at 54-62, 701 S.E.2d at 713-17 (applying, in a declaratory judgment action, one set of standing requirements to claims challenging the constitutionality of a zoning ordinance itself and a different set of standing requirements to claims alleging violation of a procedural statute governing the zoning decision).

Plaintiffs contend that the City and trial court misinterpreted the words "zoning ordinance changes initiated on or after [1 August 2015]" in Session Law 2015-160. 2015 N.C. Sess. Laws ch. 160, § 6. Specifically, Plaintiffs argue that, because SYNCO filed its first rezoning petition prior to that date, we should hold the rezoning under its second petition was a "zoning ordinance change[ ] initiated" prior to the session law's effective date. *Id.*, § 6. Such a reading would require the City to have followed the Protest Petition Statute in the consideration of SYNCO's rezoning petition and, as a result, render the City's rezoning decision invalid.

As noted *supra*, "[a] declaratory judgment may be used to determine the construction and validity of a statute, but the plaintiff must be directly and adversely affected *by the statute*[.]" *Wake Cares, Inc.*, 190 N.C. App. at 11, 660 S.E.2d at 223 (emphasis added) (internal citations and quotation marks omitted). Thus, the Plaintiffs can only seek a declaratory judgment proclaiming their preferred interpretation of the statute if they are "directly and adversely affected" by its enactment and replacement of protest petition procedures with citizen comments. *Id.* at 11, 660 S.E.2d at 223. Plaintiffs, however, *were never entitled to oppose the rezoning by protest petition*, as they did not meet the statutory requirements for such a filing under the Protest Petition Statute. The Protest Petition Statute specifically delineated those who had access to such a remedy: "owners of either (i) twenty percent (20%) or more of the area included in the proposed change or (ii) five percent (5%) of

a 100-foot-wide buffer . . . ." N.C. Gen. Stat. § 160A-385 (2013). As conceded by Plaintiffs in oral argument before this Court, their property is neither subject to the proposed change in SYNCO's petition, nor is it within 100 feet of the area subject to rezoning. Thus, Plaintiffs, as parties not subject to or able to avail themselves of the Protest Petition Statute, are not "directly and adversely affected" by the unavailability of a statutory procedure they were never entitled to enjoy in the first instance. Nor are they permitted to bring a claim interpreting the language "initiated on" in Session Law 2015-160, as its application concerns only whether qualifying persons able to avail themselves of the Protest Petition Statute could continue to pursue their rights thereunder.

While Plaintiffs argue in their brief that the Protest Petition filed by the Petitioners resulted in "heightened procedural requirements,"[6] they also acknowledge that those requirements are "imposed for the benefit and protection *of the protest petition filer(s).*" (emphasis added). In other words, any perceived procedural or due process benefits were bestowed on Plaintiffs not by the Protest Petition Statute itself, but instead by the Petitioners' filing of a valid Protest Petition.

---

[6] Plaintiffs claim in their briefs that certain ordinances enacted by the City impose these requirements. Specifically, Plaintiffs claim these ordinances impose "additional requirements for notice and public hearing *to the protest petition filer(s).*" (emphasis added). Ignoring the fact that Plaintiffs were not and could not be protest petition filers in this case, several ordinances cited by the Plaintiffs are not included in the record on appeal, and we are prohibited by precedent from taking judicial notice of municipal ordinances. *State v. Pallet*, 283 N.C. 705, 712, 198 S.E.2d 433, 437 (1973). We therefore do not consider those ordinances not present in the record in our resolution of this appeal.

It was, therefore, Petitioners' failure to revive or otherwise pursue the reinstatement of their Protest Petition—not Session Law 2015-160—that injured Plaintiffs.

"Every claim must be prosecuted in the name of the real party in interest[,]" *Goodrich v. Rice*, 75 N.C. App. 530, 536, 331 S.E.2d 195, 199 (1985) (citation omitted), and, by extension, "[a] party has standing to initiate a lawsuit if he is a 'real party in interest[,]' " *Slaughter v. Swicegood*, 162 N.C. App. 457, 463, 591 S.E.2d 577, 582 (2004) (citations omitted). When it comes to the interpretation of Session Law 2015-160 and the loss of the protections afforded by the Protest Petition and the Protest Petition Statute, it is the Petitioners, not Plaintiffs, who are the real parties in interest "directly and adversely affected by the statute" and the City's and trial court's interpretations thereof. *Wake Cares, Inc.*, 190 N.C. App. at 11, 660 S.E.2d at 223. Because "[a] declaratory judgment may be used to determine the construction and validity of a statute, but the plaintiff must be directly and adversely affected *by the statute*," *id.* at 11, 660 S.E.2d at 223 (emphasis added) (internal citations and quotation marks omitted), and Plaintiffs are not so affected, we hold they are without standing to pursue their claims requiring the interpretation of Session Law 2015-160.

The prior decisions by this Court relied upon by Plaintiffs are distinguishable and therefore not binding or persuasive. *See Thrash Ltd. Partnership v. Cty. of Buncombe*, 195 N.C. App. 727, 673 S.E.2d 689 (2009); *Frizzelle v. Harnett Cty.*, 106 N.C. App. 234, 416 S.E.2d 421 (1992); *Lee v. Simpson*, 44 N.C. App. 611, 261 S.E.2d

295 (1980). In *Thrash*, we held that the landowner had standing to sue because its land fell within the ambit of the zoning ordinance in question, and "plaintiff's use of its land was limited by the zoning regulations." 195 N.C. App. at 731, 673 S.E.2d at 692. Similarly, in *Frizzelle*, the plaintiff landowners alleged that Harnett County commissioners failed to follow required notice and hearing procedures in enacting a zoning ordinance applicable to the plaintiffs' lands. 106 N.C. App. at 242-43, 416 S.E.2d at 425-26. Finally, in *Lee*, Union County's ordinances required its Board of Commissioners to provide notice and hearing to owners of real property adjoining land subject to a rezoning application; the plaintiffs, who were such owners subject to receive that notice, did not, and challenged the rezoning on procedural grounds. 44 N.C. App. at 612, 261 S.E.2d at 295-96.

Plaintiffs were not entitled to avail themselves of the Protest Petition Statute, the procedural process that Plaintiffs contend they were wrongfully denied. Thus, *Thrash*, *Frizzelle*, and *Lee* are inapposite. *See also Ring v. Moore Cty.*, ___ N.C. App. ___, ___, 809 S.E.2d 11, 14 (2017) (distinguishing *Thrash* where "in this case Plaintiffs have not alleged that the zoning ordinance directly limits the use of their land").

D. *Plaintiffs Lack Standing to Bring Their Constitutional Claims*

Just as a declaratory judgment action concerning statutory interpretation cannot be maintained by a party without legal standing, "this Court will not determine the constitutionality of a legislative provision in a proceeding in which

there is no actual antagonistic interest in the parties." *Nicholson v. State Ed. Assistance Auth.*, 275 N.C. 439, 447, 168 S.E.2d 401, 406 (1969) (internal citation and quotation marks omitted). As a result, "[o]nly one who is in immediate danger of sustaining a direct injury from legislative action may assail the validity of such action. It is not sufficient that he has merely a general interest common to all members of the public." *Charles Stores Co., Inc. v. Tucker*, 263 N.C. 710, 717, 140 S.E.2d 370, 375 (1965). Further, when the constitutionality of an ordinance itself is challenged, "a litigant must produce evidence that he has sustained an injury or is in immediate danger of sustaining an injury as a result of enforcement of the challenged ordinance." *Grace Baptist Church v. City of Oxford*, 320 N.C. 439, 444, 358 S.E.2d 372, 375 (1987) (citation omitted).

Here, several of the facial challenges by Plaintiffs concern generalized grievances claiming the City and State governments have acted to: (1) violate the constitutionally mandated separation of powers; or (2) unlawfully restrict judicial power. Plaintiffs also specifically allege that: (1) the rezoning proceeding was quasi-judicial, requiring due process standards which the City and State governments violated; and (2) Session Law 2015-160, N.C. Gen. Stat. § 160A-385 (2015), and the City's actions thereunder deprived the Plaintiffs of a right to petition and access to open courts to seek redress.

Plaintiffs assert their separation of powers and unlawful restriction claims solely as persons with a "general interest as . . . citizen[s] in good government in accordance with the provisions of the Constitution[,]" *Nicholson,* 275 N.C. at 448, 168 S.E.2d at 406 (citations omitted), rather than as those "who [are] in immediate danger of sustaining a direct injury[,]" *Charles Stores,* 263 N.C. at 717, 140 S.E.2d at 375. This is also true of Plaintiffs' specific facial challenges, as: (1) Plaintiffs had no legal right to file a protest petition in this case, and therefore were not deprived of any right to petition or access to open courts by the enactment of Session Law 2015-160 and the application of N.C. Gen. Stat. § 160A-385 (2015); and (2) the property rezoned *was not the Plaintiffs'. See, e.g., Coventry Woods,* 202 N.C. App. at 256, 688 S.E.2d at 544 (holding that neighbors to a property undergoing rezoning could not bring a facial or as-applied constitutional challenge to the rezoning on procedural due process grounds, as there is no "authority in support of the proposition that they are entitled to constitutional protection against changes in the treatment of adjoining tracts of property under properly-adopted zoning or subdivision ordinances"); *Templeton,* 208 N.C. App. at 56, 701 S.E.2d at 713-14 (2010) ("Without an allegation that the subject zoning ordinance amendments will be or have been enforced against property owned by plaintiffs, plaintiffs have failed to demonstrate that they have 'sustained an injury or [are] in immediate danger of sustaining an injury' from enforcement of the ordinance amendments against them. Therefore, plaintiffs failed to carry their

burden to make sufficient allegations to establish standing to bring their constitutional claims against defendant." (alteration in original) (quoting *Grace Baptist Church*, 320 N.C. at 444, 358 S.E.2d at 375)). Because Plaintiffs do not have a constitutionally protected interest in the rezoning of an adjoining landowner's property, and because their remaining constitutional challenges assert only generalized grievances, we hold these claims were properly dismissed.

*E. The Trial Court Was Not Required to Transfer Plaintiffs' Constitutional Claims Due to Their Lack of Standing*

Per the language of N.C. Gen. Stat. § 1-267.1, all facial constitutional challenges to acts of the General Assembly must be heard by a three-judge panel in Wake County. N.C. Gen. Stat. § 1-267.1(a1). Where a lawsuit asserting such challenges not before the three-judge panel involves other claims unrelated thereto, the court with jurisdiction and venue over the action:

> shall, on its own motion, transfer that portion of the action challenging the validity of the act of the General Assembly to the . . . three-judge panel *if, after all other matters in the action have been resolved, a determination as to the facial validity of an act . . . must* be made in order to completely resolve any matters in the case.

N.C. Gen. Stat. § 1A-1, Rule 42(b)(4) (emphasis added); *see also* N.C. Gen. Stat. § 1-81.1(a1) (establishing venue for such claims with the three-judge panel and requiring such actions be transferred consistent with Rule 42(b)(4)). In other words, facial constitutional challenges must be transferred to the three-judge panel only if the

constitutionality of the statute in question must be resolved in order to conclude the action.

Because we hold that Plaintiffs did not have standing to bring their constitutional challenges as set forth *supra* Part II.D., the transfer of Plaintiffs' constitutional claims to a three-judge panel was not necessary, as "a determination as to the facial validity of [the] act[s]" in question was not required to "completely resolve any matters in the case." N.C. Gen. Stat. § 1A-1, Rule 42(b)(4); *see also* N.C. Gen. Stat. § 1-81.1(a1) (requiring the transfer of claims only if a determination of facial validity is necessary "after all other questions of law in the action have been resolved"). Further, because we hold that Plaintiffs lacked standing, we need not address the merits of their mootness and statutory interpretation arguments.

## III. <u>CONCLUSION</u>

Plaintiffs brought multiple claims in their declaratory judgment action, some challenging the propriety of the rezoning itself and others challenging the construction and constitutional validity of certain statutes and session laws. Plaintiffs' appeal challenges only the trial court's dismissal of their constitutional and statutory construction claims. We hold that Plaintiffs lack standing to bring those claims and we affirm their dismissal. Plaintiffs did not argue error in the dismissal of their remaining causes of action; as a result, we affirm the order of the trial court.

AFFIRMED.

Judges BRYANT and DAVIS concur.